UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY WOLFSON,<br><br>    Plaintiff,<br><br> v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | CASE NO. C17-6064 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, GRANTING PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME AND DENYING PLAINTIFF'S MOTION TO STRIKE |

  This matter comes before the Court on Defendants Intercontinental Exchange, Inc., and Maroon Holding, LLC's ("MERS Parent Corporations") motion to dismiss (Dkt. 12), Defendants Bank of America National Association ("Bank of America"), Merscorp Holdings, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss (Dkt. 14), Plaintiff Jeremy Wolfson ("Wolfson") motion to strike motion to dismiss (Dkt. 22), and Wolfson's motions for extension of time (Dkts. 23, 30). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

## I. PROCEDURAL HISTORY

On December 21, 2017, Wolfson filed a complaint against MERS Parent Corporations, Bank of America, Merscorp, and MERS asserting causes of action for quiet title, violations of the Federal Debt Collection Practices Act ("FDCPA"), defamation, declaratory judgment, cancellation of instrument, replevin, breach of the implied duty of good faith and fair dealing, an accounting, violations of Washington Deed of Trusts Act ("DTA"), and violations of Washington Consumer Protection Act ("CPA"). Dkt. 1.

On February 20, 2018, MERS Parent Corporations filed a motion to dismiss. Dkt. 12. On February 28, 2018, Bank of America, Merscorp, and MERS ("Loan Defendants") filed a motion to dismiss. Dkt. 14. On April 3, 2018, the Court granted Wolfson's motion for extension of time, renoted the motions to dismiss for consideration on the Court's April 20, 2018 calendar, and informed Wolfson that the deadline for any response is April 16, 2018. Dkt. 21.

On April 5, 2018, Wolfson filed a motion to strike the Loan Defendants' motion to dismiss because their counsel do not qualify as local counsel under the local rules of procedure. Dkt. 22. On April 9, 2018, Wolfson filed a motion for extension of time to reply to the Loan Defendants' motion. Dkt. 23. On April 10 and 12, 2018, the Loan Defendants responded to Wolfson's motions. Dkt. 24, 25. On April 16, 2018, Wolfson responded to the MERS Parent Corporations' motion to dismiss. Dkt. 26.

On April 19, 2018, Wolfson filed a motion for an extension of time to respond to the Loan Defendants' motion to dismiss and responded to the motion. Dkts. 30, 31. On April 20, 2018, MERS Parent Corporations replied. Dkt. 32.

## II. FACTUAL BACKGROUND

On January 10, 2007, Wolfson and Erin D. Huffman ("Huffman") signed a note (the "Note") in the amount of $279,000.00 in favor of First Magnus Corporation ("First Magnus"). In order to secure the Note, Wolfson and Huffman executed a deed of trust ("Deed") against the property located at 16208 132nd Avenue East, Puyallup, Washington 98374 (the "Property"). Dkt. 12-2. The Deed named MERS as beneficiary for First Magnus. *Id*. at 3.

On or about June 21, 2013, MERS assigned its interest in the Deed to Bank of America. Dkt. 12-3. On November 8, 2013, Huffman signed a Quitclaim Deed to Wolfson. Dkt. 15-3. The Quitclaim was recorded on November 20, 2013. *Id*.

On March 30, 2017, Trustee Corps recorded a Notice of Trustee's Sale ("NOTS") against the Property asserting that Wolfson was over 8 months behind on payments and setting a trustee's sale for the Property on August 4, 2017. Dkt. 15-4.

On August 4, 2017, Wolfson filed a bankruptcy case seeking relief under Chapter 13. On September 20, 2017, the bankruptcy court dismissed his case for failure to comply with orders.

## III. DISCUSSION

**A. Wolfson's Motions**

Wolfson has filed two motions for extensions of time and a motion to strike the Loan Defendants' motion to dismiss. Both of Wolfson's motions for extensions of time request additional time to respond to the Loan Defendants' motion to dismiss. Dkts. 23, 30. The Loan Defendants opposed the first motion and failed to respond to the second

motion. Dkt. 24. While it is true that Wolfson's second motion is untimely, the Court concludes that the Loan Defendants are not prejudiced by the late response because the Court routinely grants plaintiffs proceeding pro se an opportunity to amend the complaint before dismissing claims with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . ., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). As further explained below, Wolfson is granted leave to amend, despite his untimely response.

Regarding Wolfson's motion to strike, it is without merit because the Loan Defendants' counsel are licensed to practice law in this Court. Counsel holds a Washington state license and is admitted to represent clients in this district. Therefore, the Court denies Wolfson's motion.

**B.     Motions to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### 1. MERS Corporate Parents

MERS Parent Corporations move to dismiss the complaint arguing that Wolfson has failed to provide sufficient allegations to establish that they are liable for the acts of their subsidiary MERS. Dkt. 12 at 13–18. Wolfson responds that he included allegations stating that both parents are responsible for the actions of MERS. Dkt. 26 at 2. Their allegations, however, are unsupported conclusions. *See*, *e.g.*, Dkt. 1, ¶ 40 ("Defendant MAROON HOLDING, LLC., is a foreign Limited Liability Corporation and is the parent company of Defendant MERSCORP HOLDINGS, INC., and is responsible for the acts of Defendant MERS."). Therefore, the Court grants MERS Parent Corporations' motion because Wolfson's complaint fails to provide sufficient notice of the basis for his claims.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). In this case, it is not absolutely clear that Wolfson could not alleged facts sufficient to pierce the corporate veil. Therefore, the Court grants Wolfson leave to amend his theories of liability.

### 2. Loan Defendants

The Loan Defendants move to dismiss Wolfson's claims for procedural reasons and on the merits. Dkt. 14. First, Merscorp argues that Wolfson fails to include any allegations that Merscorp is liable for any alleged wrongdoing. Wolfson responds that he included an allegation that, properly understood, alleges that Merscorp is responsible for

the actions of MERS because it is another parent company of MERS. Dkt. 31 at 2 (citing Dkt. 1, ¶ 39). This argument fails for the same reason that Wolfson's claims against MERS Parent Corporations fail. Beyond the conclusory allegation, Wolfson fails to provide any notice that the alleged parent is responsible for the actions of its subsidiary. Therefore, the Court grants Merscorp's motion to dismiss. Wolfson is granted leave to amend because it is not absolutely clear that any amendment would be futile. *Eminence*, 316 F.3d at 1052.

Regarding Wolfson's other claims, the Loan Defendants assert that the complaint "does not meet the basic pleading requirements of FRCP 8." Dkt. 14 at 2. The Court agrees, and Wolfson's arguments even conflict with allegations in his complaint. For example, the Loan Defendants argue that Wolfson lacks standing to challenge the assignment of the deed from MERS to Bank of America. Dkt. 14 at 6–7. In response, Wolfson argues that he has standing because "he is at risk of paying the same debt twice if the assignment stands . . . ." Dkt. 31 at 2. Wolfson, however, alleges that "[a]ny and all loans encumbering the property have been paid or otherwise discharged." Dkt. 1, ¶ 223. Moreover, none of Wolfson's other claims or arguments fare any better. Wolfson's complaint is essentially a verbose collection of conflicting and conclusory allegations that lack clarity. Before addressing each claim on the merits, Wolfson is ordered to clarify and/or simplify the claims and provide actual, factual allegations to support each claim. Accordingly, the Court grants the Loan Defendants' motion to dismiss and grants Wolfson leave to amend.

# IV. ORDER

Therefore, it is hereby **ORDERED** that MERS Parent Corporations' motion to dismiss (Dkt. 12) and the Loan Defendants' motion to dismiss (Dkt. 14) are **GRANTED**, Wolfson's motion to strike motion to dismiss (Dkt. 22) is **DENIED**, Wolfson's motions for extension of time (Dkts. 23, 30) are **GRANTED**, and Wolfson is **GRANTED** leave to amend.

Wolfson must file an amended complaint no later than June 22, 2018. Failure to file an amended complaint or otherwise respond will result in dismissal of the action without further order of the Court.

Dated this 31st day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge