UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY WOLFSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | CASE NO. C17-6064 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Intercontinental Exchange, Inc., and Maroon Holding, LLC ("MERS Parent Corporations") motion to dismiss, Dkt. 39, and Defendants Bank of America National Association ("Bank of America"), Merscorp Holdings, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss, Dkt. 40. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On December 21, 2017, Wolfson filed a complaint against MERS Parent Corporations, Bank of America, Merscorp, and MERS asserting causes of action for quiet title, violations of the Federal Debt Collection Practices Act ("FDCPA"), defamation, declaratory judgment, cancellation of instrument, replevin, breach of the implied duty of good faith and fair dealing, violations of Washington Deed of Trusts Act ("DTA"), and violations of the Washington Consumer Protection Act ("CPA"). Dkt. 1.

On February 20, 2018, MERS Parent Corporations filed a motion to dismiss. Dkt. 12. On February 28, 2018, Bank of America, Merscorp, and MERS ("Loan Defendants") filed a motion to dismiss. Dkt. 14. On May 31, 2018, the Court granted the motions and granted Wolfson leave to amend. Dkt. 35.

On June 22, 2018, Wolfson filed an amended complaint asserting similar claims against the same defendants. Dkt. 36. On July 6, 2018, MERS Parent Corporations filed a motion to dismiss. Dkt. 39. On July 9, 2018, the Loan Defendants filed a motion to dismiss. Dkt. 40. On August 30, 2018, the Court granted Wolfson's motion for an extension of time to respond. Dkt. 46. On September 4, 2018, Wolfson responded. Dkt. 49. On September 7, 2018, MERS Parent Corporations and the Loan Defendants replied. Dkts. 50, 51.

# II. FACTUAL BACKGROUND

On January 10, 2007, Wolfson and Erin D. Huffman ("Huffman") signed a note (the "Note") in the amount of $279,000.00 in favor of First Magnus Corporation ("First Magnus"). To secure the Note, Wolfson and Huffman executed a deed of trust ("Deed")

against the property located at 16208 132nd Avenue East, Puyallup, Washington 98374 (the "Property"). Dkt. 12-2. The Deed named MERS as beneficiary for First Magnus. *Id*. at 3.

On or about June 21, 2013, MERS assigned its interest in the Deed to Bank of America. Dkt. 12-3. On November 8, 2013, Huffman signed a Quitclaim Deed to Wolfson. Dkt. 15-3. The Quitclaim was recorded on November 20, 2013. *Id*.

On March 30, 2017, Defendant MTC Financial Inc. d/b/a Trustee Corps recorded a Notice of Trustee's Sale against the Property asserting that Wolfson was over 8 months behind on payments and setting a trustee's sale for the Property on August 4, 2017. Dkt. 15-4.

On August 4, 2017, Wolfson filed a bankruptcy case seeking relief under Chapter 13. On September 20, 2017, the bankruptcy court dismissed his case for failure to comply with orders.

### III. DISCUSSION

**A.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a

"formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.     MERS Parent Corporations**

Similar to their first motion to dismiss, the MERS Parent Corporations argue that Wolfson fails to provide factual allegations sufficient to establish that he may pierce the corporate veil. Dkt. 39 at 15–20. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). The "doctrine of piercing the corporate veil . . . is the rare exception, applied in the case of fraud or certain other exceptional circumstances." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). "[C]ourts are reluctant to disregard the separate existence of related corporations by piercing the corporate veil, and have consistently given substantial weight to the presumption of separateness." *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1094 (9th Cir. 2003).

In this case, the Court agrees with the MERS Parent Corporations that Wolfson has failed to provide sufficient allegations to support a claim for piercing the corporate veil. Wolfson directs the Court to his new allegations at paragraphs 54–56 and 58–61, Dkt. 49 at 4, but these paragraphs are merely conclusory allegations that the parent corporations controlled, directed, authorized, or ratified the acts of the child corporations.

Such conclusory allegations are insufficient to state a claim for piercing the corporate veil. Therefore, the Court grants the MERS Parent Corporations' motion to dismiss.

The remaining question is whether to grant leave to amend, which Wolfson requests in his response. Dkt. 49 at 6. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citing *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)).

In this case, the Court declines to grant Wolfson leave to amend a second time and dismisses his claims against MERS Parent Corporations with prejudice. The Court specifically identified the errors in his prior complaint and Wolfson failed to correct these errors. Instead, he merely added more conclusory allegations, which are insufficient to state a claim for relief. Therefore, the Court grants the MERS Parent Corporations' motion.

**C.   Loan Defendants**

The Loan Defendants move to dismiss all of Wolfson's claims with prejudice. Dkt. 40. First, Merscorp moves to dismiss because it appears that Wolfson failed to assert any claims against it even though he included it as a party. *Id.* at 5–6. Wolfson concedes that Merscorp "has been eliminated." Dkt. 49 at 3. Therefore, the Court grants the Loan Defendants' motion as to Merscorp.

Second, the Loan Defendants systematically attack all of Wolfson's claims and cite authority for their position that his claims fail. Dkt. 40 at 8–17. Similar to his complaint, Wolfson responds with conclusory allegations and arguments. Dkt. 49 at 5–7.

Wolfson appears to contest the Loan Defendants' arguments as to his claims for quiet title, violation of the FDCPA, defamation, and replevin. *Id.* To the extent that Wolfson does not contest the Loan Defendants' motion as to his claims for declaratory judgment, cancellation of instrument, breach of the implied duty of good faith and fair dealing, violations of the DTA, and violations of the CPA, the Court considers the failure to respond as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Reviewing the merits and the Loans Defendants' motion, the Court concludes that Wolfson fails to state valid claims and grants the motion to dismiss these claims. The Court will address the remaining claims in more detail.

**1. Quiet Title**

"An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001). "[I]n order to bring an action to quiet title, a plaintiff must allege that they are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Evans v. BAC Home Loans Servicing LP*, C10-0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010) (internal quotation omitted).

> The logic of such a rule is overwhelming. Under a deed of trust, a borrower's lender is entitled to invoke a power of sale if the borrower defaults on its loan obligations. As a result, the borrower's right to the subject property is contingent upon the borrower's satisfaction of loan obligations. Under these circumstances, it would be unreasonable to allow a borrower to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations.

*Id.*

In this case, the Loan Defendants move to dismiss Wolfson's claim because he "does not allege that he has paid the amounts owed under his Loan . . . ." Dkt. 51 at 5. The Court agrees with the Loan Defendants. While Wolfson alleges that the loans have been paid by the Federal Housing Authority, private mortgage insurances, and otherwise discharged, Dkt. 36, ¶¶ 242–44, he fails to allege that he has paid the loan and is in peaceful possession of the property. Therefore, the Court grants the Loan Defendants' motion on this claim.

### 2. FDCPA

The FDCPA regulates the act of "debt collection" which is defined as "any act or practice in connection with the collection of consumer debts." 15 U.S.C. § 1692a. The case law is clear that a mortgage servicer is not a debt collector. *See Lal v. American Home Serv., Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.").

In this case, Bank of America moves to dismiss Wolfson's FDCPA claim because, as Wolfson's loan servicer, it is not a debt collector under the FDCPA. Dkt. 40 at 9–10. Wolfson responds that he has alleged sufficient allegations to establish that Bank of America is a debt collector. Dkt. 49 at 6 (citing Dkt. 35, ¶¶ 268–74). Wolfson, however, may not overcome a rule of law by merely asserting allegations to the contrary. Moreover, Wolfson clearly alleges that Bank of America "is a mortgage servicer, and at

all relevant times (and certainly since 06/25/2013) was and is the servicer for the disputed loan." Dkt. 35, ¶ 263. This allegation alone dooms his claim because a mortgage servicer is not a debt collector. Therefore, the Court grants Bank of America's motion on this claim.

### 3. Defamation

To state a claim for defamation, the plaintiff must allege (1) that the defendant's statement was false, (2) that the statement was unprivileged, (3) that the defendant was at fault, and (4) that the statement proximately caused damages. *Alpine Indus. Computers, Inc. v. Cowles Pub. Co.*, 114 Wn. App. 371, 378 (2002) (citing *Caruso v. Local Union No. 690*, 107 Wn.2d 524, 529 (1987)).

In this case, Bank of America moves to dismiss Wolfson's defamation claim because (1) he "has no real claim to assert" and (2) "there appears to be no actual cause of action in Washington for defamation of credit." Dkt. 40 at 11. The Court concludes that these are not sufficient reasons to dismiss a general claim for defamation. Wolfson has alleged that Bank of America made an unprivileged false statement that caused damages. Dkt. 35, ¶¶ 315–320. While Bank of America may have a good defense that it must publish a notice of trustee's sale or that nothing it published was false, it has not established that Wolfson has failed to assert an allegation for each element of his defamation claim. Therefore, the Court denies Bank of America's motion on this claim.

### 4. Replevin

"The plaintiff in an action to recover the possession of personal property may claim and obtain the immediate delivery of such property, after a hearing, as provided in this chapter." RCW 7.64.010.

In this case, Wolfson asserts a claim for replevin on the Note. Dkt. 35, ¶¶ 358–366. The Loan Defendants move to dismiss this claim because (1) replevin only applies to personal property, (2) Wolfson fails to show that he is the owner of the Note, and (3) Wolfson has failed to post a bond as required by RCW 7.64.035. Dkt. 40 at 13–14. While the Court is doubtful that replevin applies to notes promising to pay a debt, Bank of America fails to provide any authority to support its position, and the Court declines to *sua sponte* research the issue. Moreover, Wolfson alleges that he is the owner of the note, which is sufficient to overcome the Loan Defendants' second argument. Finally, Wolfson is correct that a bond is only required when a court orders the defendant to return the property to the plaintiff. Therefore, the Court denies the Loan Defendants' motion on this claim.

### 5. Remedy

The remaining question is whether the Court should grant Wolfson leave to amend the dismissed claims. Similar to the other motion to dismiss, the Court finds that Wolfson is not entitled to leave to amend. Wolfson failed to properly amend his claims the first time the Court granted leave to amend, and he failed to adequately oppose the Loan Defendants' motion as to the majority of his claims. Therefore, the Court denies

Wolfson's request for leave to amend and dismisses the majority of his claims with prejudice.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that MERS Parent Corporations' motion to dismiss, Dkt. 39, is **GRANTED** and Bank of America, Merscorp, and MERS motion to dismiss, Dkt. 40, is **GRANTED in part** and **DENIED in part**.  All of Wolfson's claims against MERS Parent Corporations' and Bank of America, Merscorp, and MERS are **DISMISSED with prejudice,** except Wolfson's claim for defamation against Bank of America and claim for replevin against Bank of America and MERS.

The Clerk shall terminate Intercontinental Exchange, Inc., Maroon Holding, LLC, and Merscorp.

Dated this 13th day of December, 2018.

BENJAMIN H. SETTLE
United States District Judge