Jeremy Wolfson
16208 132nd Ave East
Puyallup, WA 98374
(253) 592-7860

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| Jeremy Wolfson, | Case No. C17-6064 BHS |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, its successors in interest and/or Assigns; et al., | |
| Defendants. | **Noting Date: February 1, 2019** |

### PLAINTIFF'S MOTION TO ALTER OR AMEND
### [52] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
### [ F.R.C.P 59(e) ]

Plaintff moves to alter or amend [52] ORDER GRANTING DEFENDANTS' MOTION

TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS'

MOTION TO DISMISS ("Order").

The Order states:

"[I]n order to bring an action to quiet title, a plaintiff must allege that they are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." Evans v. BAC Home Loans Servicing LP, C10-0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010) (internal quotation omitted).

> The logic of such a rule is overwhelming. Under a deed of trust, a borrower's lender is entitled to invoke a power of sale if the borrower defaults on its loan obligations. As a result, the borrower's right to the subject property is contingent upon the borrower's satisfaction of loan obligations. Under these circumstances, it would be unreasonable to allow a borrower to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations.
>
> Id.
>
> In this case, the Loan Defendants move to dismiss Wolfson's claim because he "does not allege that he has paid the amounts owed under his Loan . . . ." Dkt. 51 at 5. The Court agrees with the Loan Defendants. While Wolfson alleges that the loans have been paid by the Federal Housing Authority, private mortgage insurances, and otherwise discharged, Dkt. 36, ¶¶ 242–44, he fails to allege that he has paid the loan and is in peaceful possession of the property. Therefore, the Court grants the Loan Defendants' motion on this claim.

However, the key words are: "against the lender." The Amended Complaint (which at this stage is to be taken as true) alleges that none of the Loan Defendants is the lender.

The issue of whether all Deeds of Trust must be paid off for a Quiet Title claim where the Complaint alleges that the defendant is not a mortgagee whatsoever, and in fact no money or credit was lent and that the Deed of Trust in question is (at least in part) a forgery, resembles the issue of whether tender is (or is not) required where the Complaint alleges that the defendant is not a mortgagee "whatsoever." See [48] Order in Case 1:11-cv-00714-JMS-BMK (Seabright, J):

> The tender requirement does not make sense, however, where the borrower brings a quiet title claim against a party who [allegedly] is not a mortgagee and who otherwise has no interest in the property whatsoever. … The reasoning of [opposing] cases therefore does not apply where the pleadings specifically assert that the defendant is not a mortgagee and is otherwise making a completely unsubstantiated claim to the property. … Plaintiffs are not raising a weakness in Defendant's mortgagee status; rather, they are asserting that Defendant is not a mortgagee at all.

See also Klohs (Seabright, J.) (citing Amina v. BONYM (D. Haw. Aug. 9, 2012)).

2

PLAINTIFF'S MOTION TO ALTER OR AMEND [52] ORDER DISMISSING IN PART

The Amended Complaint states:

> 5. Bank of America is not a person entitled to enforce the Note.
> 6. The Note has never been transferred to Bank of America.
> 7. Bank of America is not the holder of the Note.
> 8. Bank of America does not have the rights of a holder.
> 9. Bank of America is not entitled to enforce the Note pursuant to UCC 3-309 or 3-418(d).
> 13. BANA never had possession of the note. ...
>
> 39. Defendant FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION (UBI 602172443) ("Lender") purported to be the original Lender.
> 42. FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION did not lend any money to Plaintiff.
> 43. FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION did not lend any credit to Plaintiff.
>
> 72. On April 26, 2007, Kyle Himmelsbach signed a STATUTORY WARRANTY DEED conveying and warranting the Property to Plaintiff.
> 73. On 4/27/2007, JEREMY W. WOLFSON recorded as 200704271000 a STATUTORY WARRANTY DEED signed on April 26, 2007 by Kyle Himmelsbach, conveying and warranting the Property to Plaintiff.
>
> 74. Defendants claim that FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION lent money to Plaintiff and his wife on April 26, 2007.
> 75. Defendants claim that FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION lent credit to Plaintiff and his wife on April 26, 2007.
>
> 77. Plaintiff did not receive a loan of money from FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION.
> 78. Plaintiff did not receive a loan of credit from FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION.
> 79. Plaintiff did not sign the Note alleged by Defendants.
>
> 95. The Pooling and Servicing Agreement, Master Servicing Agreement and Sub-Servicing Agreements will show that the transaction is generally not the transaction that BANA claims it is.
> 96. There was no "true sale" into the securitization trust.
> 97. BANA has never been a bona fide purchaser of the Note.
> 98. Plaintiff does not owe the amount claimed by BANA or its agent(s).
> 99. Plaintiff does not owe money to BANA.

105. First Magnus was not a lender in any transaction entered into by Plaintiff.
106. The Deed of Trust states: "(F) 'Note' means the promissory note signed by Borrower and dated APRIL 26, 2007. The Note states that Borrower owes Lender TWO HUNDRED SEVENTY NINE THOUSAND NINE HUNDED FIFTY AND NO/100 Dollars (U.S. $279,950.00) plus interest."
107. Plaintiff never knowingly, willingly and voluntarily signed the Note referred to in paragraph (F) of the Deed of Trust.
108. The Deed of Trust states: "(H) 'Loan' means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest."
109. Plaintiff did not owe the debt referred to in paragraph (H) of the Deed of Trust.
111. "Page 2 of 15" of the Deed of Trust states: "Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MAY 01, 2047"
112. That is a forty-year loan. Plaintiff never signed for a forty-year loan. "Page 2 of 15" of the recorded Deed of Trust was changed, altered or substituted.

264. BANA and MTC are not creditors.

The [52] Order states:

> In this case, Bank of America moves to dismiss Wolfson's FDCPA claim because, as Wolfson's loan servicer, it is not a debt collector under the FDCPA. Dkt. 40 at 9–10.
> Wolfson responds that he has alleged sufficient allegations to establish that Bank of America is a debt collector. Dkt. 49 at 6 (citing Dkt. 35, ¶¶ 268–74). Wolfson, however, may not overcome a rule of law by merely asserting allegations to the contrary.
> Moreover, Wolfson clearly alleges that Bank of America "is a mortgage servicer, and at all relevant times (and certainly since 06/25/2013) was and is the servicer for the disputed loan." Dkt. 35, ¶ 263. This allegation alone dooms his claim because a mortgage servicer is not a debt collector. Therefore, the Court grants Bank of America's motion on this claim.

However, the Amended Complaint alleges that BANA attempted to collect the underlying debt:

> 267. BANA and MTC are "debt collector[s]" ... [footnote 4: See Vargas v. HSBC Bank USA, N.A. (S.D. Cal. Sept. 10, 2012) 2012 WL 3957994, at *5 (holding that mortgage servicers are debt collectors and foreclosure constitutes debt collection under the FDCPA).][footnote 5: Any finding that BANA or MTC is not a debt collector will be overturned on appeal.]

268. BANA's activities and MTC's activities brought them within the definition of debt collector, as it acknowledged in the notices it sent to Plaintiff in which it characterized itself as a debt collector seeking to enforce a debt.

273. BANA is a servicer who treats the alleged mortgage debt as if it is in default. [footnote 6: See <u>Bridge v. Ocwen Federal Bank</u>, FSB, 681 F.3d 355, 1470148 (6th Cir. 2012) (a mortgage servicer that treats a mortgage debt as if it is in default will be considered a debt collector under the FDCPA regardless of whether the mortgage was actually in default)]

276. BANA and MTC did not confine themselves to actions necessary to effectuate a nonjudicial foreclosure, but engaged in activities beyond those necessary to institute foreclosure proceedings.[1]

277. Plaintiff's claims relate specifically to the enforcement of a security interest by BANA and MTC, thus, these parties are "debt collectors" within the meaning of section 1692f(6). Accordingly, because of the underlying DTA violation, BANA and MTC violated section 1692f(6) by threatening and conducting nonjudicial foreclosure.

281. BANA is attempting to collect a debt not owed to it, in violation of the FDCPA. [footnote 7: "This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts." House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.]

286. Defendant MTC FINANCIAL INC. d/b/a TRUSTEE CORPS, acting as agent of BANA, recorded a NOTICE OF TRUSTEE'S SALE, stating that "[t]he default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN

---

[1] See Walker v. Quality Loan Service Corp, et al., 176 Wn.App.294, 308 P.3d 716, 725-26 (2013) (as long as a trustee confines itself to actions necessary to effectuate a foreclosure, its liability will be solely under Section 1692f rather than Section 1692e).
See also Walker v. Quality Loan Service Corp., Credit Suisse Financial Corporation, et al., No. 65975–8–I in the Court of Appeals of Washington, Division 1(August 05, 2013):
¶ 38 Here, the trial court properly dismissed Walker's claims under 15 U.S.C. § 1692e. Nothing in the record indicates that Quality or Select engaged in any activities beyond those necessary to institute foreclosure proceedings. "Acts required to institute foreclosure proceedings, such as the recording of a notice of default, alone, are not debt collection activities for purposes of the FDCPA unless alleged in relation to a claim for violation of 15 U.S.C. § 1692f(6)."54 Therefore, Walker's claim under 15 U .S.C. § 1692e fails.
¶ 39 The trial court erred, however, by dismissing Walker's claim under 15 U.S.C. § 1692f. Because his arguments concern Quality's and Select's actions to enforce a security interest, these parties may constitute "debt collectors" within the statute's meaning. Assuming that Walker's allegations are true, neither Quality nor Select had a present right to possess the property through nonjudicial foreclosure because they never held the note or the underlying debt and were not lawfully appointed under the DTA. If Walker is able to prove these underlying DTA violations, he may also be able to show that Quality and Select violated § 1692f(6) by threatening judicial foreclosure.

> ARREARS: From August 1, 2016 … (Total) $16,196.16 (Late Charge) $204.33"
> [footnote 8: The recording of the NOTICE OF TRUSTEE'S SALE was a debt collection action under the FDCPA.]

> See also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1217–18 (11th Cir. 2012):
> The rule the [defendant] asks us to adopt would exempt from the provisions of § 1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt. That rule would create a loophole in the FDCPA. A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a 'debt' even if it is secured.

See also <u>Obduskey v. McCarthy & Holthus LLP</u>, Docket No. 17-1307 in the United States Supreme Court (to decide whether nonjudicial foreclosure constitutes debt collection under the FDCPA). The Complaint alleges the beginning of a nonjudicial foreclosure sale:

> 211. On 03/30/2017, Trustee Corps (same address as above) recorded as 201703300242 a NOTICE OF TRUSTEE'S SALE, signed on 3/28/2017 by Alan Burton as Vice President of "MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee" and notarized in the State of Washington by Cynthia Feeney.

The [52] Order states:

> The remaining question is whether the Court should grant Wolfson leave to amend the dismissed claims. Similar to the other motion to dismiss, the Court finds that Wolfson is not entitled to leave to amend. Wolfson failed to properly amend his claims the first time the Court granted leave to amend, and he failed to adequately oppose the Loan Defendants' motion as to the majority of his claims. Therefore, the Court denies Wolfson's request for leave to amend and dismisses the majority of his claims with prejudice.

However, Plaintiff should have been granted leave to amend so as to omit Defendant MTC FINANCIAL INC. D/B/A TRUSTEE CORPS, the only Washington corporation, so as to have jurisdiction under § 1332.

Respectfully submitted this 10th day of January, 2019.

    /s/   Jeremy Wolfson
    Jeremy Wolfson
    16208 132nd Ave East
    Puyallup, WA 98374
    (253) 592-7860

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 10th day of January, 2019, at Puyallup, Washington.

    /s/ Jeremy Wolfson
    Jeremy Wolfson

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Jeremy Wolfson,<br><br>        Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, its successors in interest and/or Assigns; et al.,<br><br>        Defendants. | Case No. C17-6064 BHS<br><br><br><br><br><br>**Noting Date: February 1, 2019** |

### [PROPOSED] ORDER

Plaintff's motionto alter or amend [52] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS is hereby GRANTED.

DATED: ____/____/_____          _____
                                                                               United States District Judge