1

2   Daniel J. Gibbons, WSBA #33036                    **The Honorable Benjamin H. Settle**
    Steven J. Dixson, WSBA #38101
3   WITHERSPOON · KELLEY
    422 West Riverside Avenue, Suite 1100
4   Spokane, WA  99201-0300
    Telephone: (509) 624-5265
5   Facsimile: Wolf (509) 458-2728
    djg@witherspoonkelley.com
6   sjd@witherspoonkelley.com

7   *Attorneys for Defendants Bank of America,*
    *N.A.; Mortgage Electronic Registration*
8   *Systems, Inc.; and Merscorp Holdings, Inc.*

9

10                          UNITED STATES DISTRICT COURT
11                   WESTERN DISTRICT OF WASHINGTON AT TACOMA

12

13  JEREMY WOLFSON,                          Case No. 3:17-cv-06064-BHS

14             Plaintiff,

15        vs.                                **DEFENDANTS BANK OF AMERICA,**
                                             **N.A. AND MORTGAGE ELECTRONIC**
16  BANK OF AMERICA, NATIONAL                **REGISTRATION SYSTEMS, INC.'S**
    ASSOCIATION, its successors in interest  **ANSWER TO PLAINTIFF'S FIRST**
17  and/or Assigns; MTC FINANCIAL INC. d/b/a **AMENDED COMPLAINT**
    TRUSTEE CORPS; MORTGAGE
18  ELECTRONIC REGISTRATION SYSTEMS
19  INC; MERSCORP HOLDINGS, INC.;
    MAROON HOLDING, LLC;
20  INTERCONTINENTAL EXCHANGE, INC.;
    FIRST MAGNUS FINANCIAL
21  CORPORATION, AN ARIZONA
    CORPORATION
22  Does # 1-10, inclusive,
23
               Defendants
24

25

26

27        Defendants BANK OF AMERICA, N.A, ("BANA") and MORTGAGE ELECTRONIC

28  REGISTRATION SYSTEMS, INC. ("MERS") (collectively, "Defendants"), by and through

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

their attorney of record, Daniel J. Gibbons of Witherspoon Kelley, hereby submit their Answer and affirmative defenses to Plaintiff's First Amended Complaint ("FAC").  Unless expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations of the FAC and, on that basis, deny the allegations.

### PRELIMINARY NOTES

1.      Answering Paragraph 1 of the FAC, Defendants respond that it contains no allegations and therefore no response is required.

2.      Answering Paragraph 2 of the FAC, Defendants respond that this paragraph contains a legal conclusion that does not require a response. To the extent this paragraph requires a response Defendants are without sufficient knowledge or information to admit or deny the allegations and on that basis deny each and every allegation of this paragraph.

3.      Answering Paragraph 3 of the FAC, Defendants admit that an Assistant Secretary for MERS executed an Assignment of Deed of Trust relating to the subject Deed of Trust at issue in this lawsuit.  Except as expressly admitted, Defendants deny each and every remaining allegation of this paragraph.

4.      Answering Paragraph 4 of the FAC, Defendants respond that it contains no allegations and therefore no response is required.  Plaintiff's purported definition of "the Note" is vague and unidentifiable because Defendants have not made any such allegation. To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny them.

5.      Answering Paragraph 5 of the FAC, Defendants admit that BANA is not a person. Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 2
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300       Fax: 509.458.2728

1   paragraph.  Except as expressly admitted, Defendants deny each and every remaining allegation

2   of this paragraph.

3       6.      Answering Paragraph 6 of the FAC, Plaintiff's purported definition of "the Note"

4   is vague and unidentifiable and thus Defendants are without sufficient information or knowledge

5   to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

6       7.      Answering Paragraph 7 of the FAC, Plaintiff's purported definition of "the Note"

7   is vague and unidentifiable and thus Defendants are without sufficient information or knowledge

8   to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

9       8.      Answering Paragraph 8 of the FAC, Plaintiff's allegations are vague and overly

10  broad and thus Defendants are without sufficient information or knowledge to admit or deny the

11  allegations contained in this paragraph, and on that basis, deny them.

12      9.      FAC Paragraph 9, is a legal conclusion to which no response is required. To the

13  extent a response required, Plaintiff's purported definition of "the Note" is vague and

14  unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

15  deny the allegations contained in this paragraph, and on that basis, deny them.

16      10.     Defendants deny the allegations alleged in FAC Paragraph 10.

17      11.     Answering Paragraph 11 of the FAC, Defendants specifically deny that MERS

18  has ever been involved in "robo-signing mortgage documents."  Defendants also deny all other

19  allegations contained in FAC Paragraph 11.

20      12.     Answering Paragraph 12 of the FAC, BANA admits that an Assistant Vice

21  President of BANA signed an Appointment of Successor Trustee relating to the subject loan.

22  Except as expressly admitted, BANA denies each and every remaining allegation of this

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

paragraph.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

13.    Answering Paragraph 13 of the FAC, BANA denies that it never had possession of the subject note.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.  The remainder of FAC Paragraph 13, is legal conclusions to which no response is required.  To the extent a response required, Defendants deny the remaining allegations.

### JURISDICTION

14.    Paragraphs 14-20 consist of legal arguments and conclusions to which no response is required. To the extent a response is required Defendants admit that the Court has jurisdiction and that venue is proper.

### PARTIES

*PLAINTIFF*

21.    Answering Paragraph 21 of the FAC, Defendants admits that Plaintiff Jeremy Wolfson is a citizen of Washington based upon information and belief.

*DEFENDANT BANK OF AMERICA, N.A.*

22.    Answering Paragraph 22 of the FAC, BANA admits that it is a national association and a citizen of North Carolina.  Except as expressly admitted, BANA denies each and every remaining allegation of this paragraph.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

23.    Paragraph 23 of the FAC, is a legal conclusion to which no response is required. To the extent a response required, BANA denies the allegations. MERS is without sufficient

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 4
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WK  WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1   information or knowledge to admit or deny the allegations contained in this paragraph, and on
2   that basis, denies them.

3       24.     Paragraph 24 of the FAC, is a legal conclusion to which no response is required.
4   To the extent a response required, BANA denies the allegations. MERS is without sufficient
5   information or knowledge to admit or deny the allegations contained in this paragraph, and on
6
7   that basis, denies them.

8       25.     Answering Paragraph 25 of the FAC, Defendants admit that BANA is the current,
9   beneficiary of the subject Deed of Trust that Plaintiff signed. Except as expressly admitted,
10  Defendants deny each and every remaining allegation of this paragraph.

11      26.     Answering Paragraph 26 of the FAC, BANA admits that it is the servicer of the
12
13  subject loan and is not the owner of the subject loan. MERS is without sufficient information or
14  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies
15  them.
16
17      27.     Answering Paragraph 27 of the FAC, Plaintiff's purported definition of "the
18  Note" is vague and unidentifiable and thus Defendants are without sufficient information or
19  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny
20  them.

21      28.     Answering Paragraph 28 of the FAC, Plaintiff's purported definition of "the
22
23  Note" is vague and unidentifiable and thus Defendants are without sufficient information or
24  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny
25  them.

26      29.      Paragraph 29 of the FAC is a legal conclusion to which no response is required.
27
28  To the extent a response is required, Plaintiff's purported definition of "the Note" is vague and



1   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

2   deny the allegations contained in this paragraph, and on that basis, deny them.

3        30.    Paragraph 30 of the FAC, is a legal conclusion to which no response is required.

4   To the extent a response required, BANA denies the allegations. MERS is without sufficient

5   information or knowledge to admit or deny the allegations contained in this paragraph, and on

6   that basis, denies them.

7        31.    Paragraph 31 of the FAC is a legal conclusion to which no response is required.

8   To the extent a response is required, Plaintiff's purported definition of "the Note" is vague and

9   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

10   deny the allegations contained in this paragraph, and on that basis, deny them.

11        32.    Paragraph 32 of the FAC is a legal conclusion to which no response is required.

12   To the extent a response is required, Plaintiff's purported definition of "the Note" is vague and

13   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

14   deny the allegations contained in this paragraph, and on that basis, deny them.

### DEFENDANT MTC FINANCIAL INC. D/B/A TRUSTEE CORPS

33.    Answering Paragraph 33 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

34.    Answering Paragraph 34 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

WK  WITHERSPOON·KELLEY

Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35.     Answering Paragraph 35 of the FAC, BANA denies the allegations therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

36.     Answering Paragraph 36 of the FAC, BANA denies the allegations therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

37.     Answering Paragraph 37 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

38.     Answering Paragraph 38 of the FAC, BANA denies the allegations therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

***DEFENDANT FIRST MAGNUS FINANCIAL CORPORATION,***

***AN ARIZONA CORPORATION***

39.     Answering Paragraph 39 of the FAC, Defendants admit that First Magnus Financial Corporation, an Arizona Corporation was the original lender for the subject loan. Except as expressly admitted, Defendants deny each and every remaining allegation of this paragraph.

40.     Answering Paragraph 40 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

41.     Answering Paragraph 41 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

42.     Answering Paragraph 42 of the FAC, Defendants deny the allegations therein based upon information and belief.

43.     Answering Paragraph 43 of the FAC, Defendants deny the allegations therein based upon information and belief.

44.     Answering Paragraph 44 of the FAC, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis, deny the allegations.

45.     Answering Paragraph 45 of the FAC, Defendants deny the allegations therein based upon information and belief.

***DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.***

46.     Answering Paragraph 46 of the FAC, MERS admits that it is a corporation incorporated in the state of Delaware and that it is a wholly-owned subsidiary of MERSCORP Holdings, Inc., with its principal place of business in Reston, Virginia. MERS admits it is not registered as a foreign corporation in Washington State. MERS denies all other allegations. BANA is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

47.  Answering Paragraph 47 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them. Moreover, there is no definition for the term "the Property."  As such, the allegations in this



1
2
3

paragraph are vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

4
5
6
7

48.   Answering Paragraph 48 of the FAC, Defendants admit that there is no recorded document making MERS an Attorney in Fact of BANA.    Except as expressly admitted, Defendants deny each and every remaining allegation of this paragraph.

8
9
10
11
12

49.    Answering Paragraph 49 of the FAC, Plaintiff's use of the term "a transaction" is vague and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.  However, MERS specifically denies that it engaged in any fraudulent actions with regard to the subject loan.

13

***DEFENDANT MERSCORP HOLDINGS, INC.***

14
15

50.    This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

16
17
18

51.    This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

19
20

52.    This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

21

***DEFENDANT MAROON HOLDING, LLC***

22
23
24

53.    This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

25
26

54.    This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

27
28

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 9
Case No.: 3:17-cv-06064-BHS
{S1809870; 1 }

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

55.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

56.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

***DEFENDANT INTERCONTINENTAL EXCHANGE, INC.***

57.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

58.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

59.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

60.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

61.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

62.     This defendant has been dismissed from this action and therefore the allegation(s) contained in this paragraph are no longer relevant and no response is required.

## FACTUAL ALLEGATIONS

63.     There are no allegations against Defendants in FAC Paragraph 63 and therefore no response is required.

***OWNERSHIP AND POSSESSION***

64.     Answering Paragraph 64 of the FAC, on information and belief, BANA admits that Plaintiff is the current owner of the real property located at 16208 132nd Avenue East,



Puyallup, Washington 98374 (the "Property") and that the FAC correctly states the legal description and APN for the Property. Except as expressly admitted herein, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, deny each and every remaining allegation contained therein.

65.     Answering Paragraph 65 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

66.     Answering Paragraph 66 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

67.     Answering Paragraph 67 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

68.     Answering Paragraph 68 of the FAC, Defendants admit the allegation therein.

69.     Answering Paragraph 69 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

70.     Answering Paragraph 70 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

71.     Answering Paragraph 71 of the FAC, BANA denies the allegations therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.



WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

*THE DEED TO PLAINTIFF*

72.     Answering Paragraph 72 of the FAC, the referenced Statutory Warranty Deed is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

73.     Answering Paragraph 73 of the FAC, the referenced Statutory Warranty Deed is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

*THE ALLEGED LOAN*

74.     Answering Paragraph 74 of the FAC, on information and belief, BANA admits that First Magnus Corporation, An Arizona Corporation ("First Magnus") lent money to Plaintiff and Erin D. Huffman on or about April 26, 2007.  Except as expressly admitted herein, BANA denies each and every remaining allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

75.     Answering Paragraph 75 of the FAC, on information and belief, BANA admits that First Magnus Corporation, An Arizona Corporation ("First Magnus") lent credit to Plaintiff and Erin D. Huffman on or about April 26, 2007.  Except as expressly admitted herein, BANA

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

1   denies each and every remaining allegation contained therein.  MERS is without sufficient

2   information or knowledge to admit or deny the allegations contained in this paragraph, and on

3   that basis, denies them.

4        76.    Answering Paragraph 76 of the FAC, the referenced Deed of Trust is a written

5   document, which speaks for itself, and it is the best evidence of what is contained therein.

6   Defendants deny any description of the referenced document and its terms to the extent the

7   description is inconsistent with the referenced document.  Except as expressly admitted herein,

8   Defendants lack sufficient information or knowledge to admit or deny the allegations contained

9   therein and, on that basis, deny the allegations.

10       77.    Answering Paragraph 77 of the FAC, BANA denies the allegations therein on

11  information and belief. MERS is without sufficient information or knowledge to admit or deny

12  the allegations contained in this paragraph, and on that basis, denies them.

13       78.    Answering Paragraph 78 of the FAC, BANA denies the allegations therein on

14  information and belief.  MERS is without sufficient information or knowledge to admit or deny

15  the allegations contained in this paragraph, and on that basis, denies them.

16       79.    Answering Paragraph 79 of the FAC, Plaintiff's purported definition of "the

17  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

18  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

19  them.

20       80.    Answering Paragraph 80 of the FAC, the referenced Deed of Trust is a written

21  document, which speaks for itself, and it is the best evidence of what is contained therein.

22  Defendants deny any description of the referenced document and its terms to the extent the

23  description is inconsistent with the referenced document.  Except as expressly admitted herein,



1    Defendants lack sufficient information or knowledge to admit or deny the allegations contained

2    therein and, on that basis, deny the allegations.

3        81.    Answering Paragraph 81 of the FAC, BANA denies the allegations therein on

4    information and belief.  MERS is without sufficient information or knowledge to admit or deny

5    the allegations contained in this paragraph, and on that basis, denies them.

6        82.    Paragraph 82 of the FAC is a legal conclusion to which no response is required.

7    To the extent a response required, Plaintiff's purported definition of "the Note" is vague and

8    unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

9    deny the allegations contained in this paragraph, and on that basis, deny them.

10       83.    Paragraph 83 of the FAC is a legal conclusion to which no response is required.

11   To the extent a response required, Plaintiff's purported definition of "the Note" is vague and

12   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

13   deny the allegations contained in this paragraph, and on that basis, deny them.

14       84.    Paragraph 84 of the FAC is a legal conclusion to which no response is required.

15   To the extent a response required, Plaintiff's purported definition of "the Note" is vague and

16   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

17   deny the allegations contained in this paragraph, and on that basis, deny them.

18       85.    Paragraph 85 of the FAC is a legal conclusion to which no response is required.

19   To the extent a response required, Plaintiff's purported definition of "the Note" is vague and

20   unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

21   deny the allegations contained in this paragraph, and on that basis, deny them.

22       86.    Paragraph 86 of the FAC is a legal conclusion to which no response is required.

23   To the extent a response required, Plaintiff's purported definition of "the Note" is vague and

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 14
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1
2
unidentifiable and thus Defendants are without sufficient information or knowledge to admit or

deny the allegations contained in this paragraph, and on that basis, deny them.

3
4
5
6
87.     Answering Paragraph 87 of the FAC, Defendants lack sufficient information and

belief upon which to admit or deny the allegations contained therein, and on that basis deny each

and every allegation contained therein.

7
8
9
88.     Answering Paragraph 88 of the FAC, Defendants lack sufficient information and

belief upon which to admit or deny the allegations contained therein, and on that basis deny each

and every allegation contained therein.

10
11
12
13
14
89.     Answering Paragraph 89 of the FAC, Plaintiff's purported definition of "the

Note" is vague and unidentifiable and thus Defendants are without sufficient information or

knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

them.

15
16
17
18
19
90.     Answering Paragraph 90 of the FAC, Plaintiff's purported definition of "the

Note" is vague and unidentifiable and thus Defendants are without sufficient information or

knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

them.

20
21
22
23
91.     Answering Paragraph 91 of the FAC, BANA denies the allegations therein on

information and belief.  MERS is without sufficient information or knowledge to admit or deny

the allegations contained in this paragraph, and on that basis, denies them.

24
25
26
92.     Answering Paragraph 92 of the FAC, Defendants lack sufficient information and

belief upon which to admit or deny the allegations contained therein, and on that basis deny each

and every allegation contained therein.

27
28

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

93.     Answering Paragraph 93 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

94.     Paragraph 94 of the FAC contains allegations regarding Plaintiff's own personal beliefs and thus, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

95.     Answering Paragraph 95 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

96.     Answering Paragraph 96 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

97.     Answering Paragraph 97 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

98.     Answering Paragraph 98 of the FAC, BANA denies the allegations therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

99.     Answering Paragraph 97 of the FAC, BANA denies the allegations therein in that BANA is the servicer for the subject loan.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

100.    Answering Paragraph 100 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

101.    Answering Paragraph 101 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

102.    Answering Paragraph 102 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

***THE DEED OF TRUST***

103.    Answering Paragraph 103 of the FAC, the referenced Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

104.    Answering Paragraph 104 of the FAC, the referenced Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.



1    Defendants deny any description of the referenced document and its terms to the extent the

2    description is inconsistent with the referenced document.  Except as expressly admitted herein,

3    Defendants lack sufficient information or knowledge to admit or deny the allegations contained

4    therein and, on that basis, deny the allegations.

5        105.    Answering Paragraph 105 of the FAC, on information and belief, Defendants

6    deny the allegation therein.

7

8        106.    Answering Paragraph 106 of the FAC, the referenced Deed of Trust is a written

9    document, which speaks for itself, and it is the best evidence of what is contained therein.

10   Defendants deny any description of the referenced document and its terms to the extent the

11   description is inconsistent with the referenced document.  Except as expressly admitted herein,

12   Defendants lack sufficient information or knowledge to admit or deny the allegations contained

13   therein and, on that basis, deny the allegations.

14

15       107.    Answering Paragraph 107 of the FAC, BANA denies the allegations therein on

16   information and belief.  MERS is without sufficient information or knowledge to admit or deny

17   the allegations contained in this paragraph, and on that basis, denies them.

18

19       108.    Answering Paragraph 108 of the FAC, the referenced Deed of Trust is a written

20   document, which speaks for itself, and it is the best evidence of what is contained therein.

21   Defendants deny any description of the referenced document and its terms to the extent the

22   description is inconsistent with the referenced document.  Except as expressly admitted herein,

23   Defendants lack sufficient information or knowledge to admit or deny the allegations contained

24   therein and, on that basis, deny the allegations.

25

26

27

28

WK **WITHERSPOON·KELLEY**

Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

109.     Answering Paragraph 109 of the FAC, BANA denies the allegations therein on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

110.     Answering Paragraph 110 of the FAC, BANA denies the allegations therein on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

111.     Answering Paragraph 111 of the FAC, the referenced Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

112.     Answering Paragraph 111 of the FAC, the referenced Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  BANA admits that the subject loan had a forty-year term at origination.  Except as expressly admitted herein, BANA denies the remaining allegations therein on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

113.     Answering Paragraph 113 of the FAC, BANA denies the allegations therein on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 19
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WK  WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

114.     Answering Paragraph 114 of the FAC, BANA denies the allegations therein on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

**FIRST MAGNUS WENT OUT OF BUSINESS**

115.     Answering Paragraph 115 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

116.     Answering Paragraph 116 of the FAC, the referenced website and the contents thereon speaks for itself and is the best evidence of what is contained therein.  Defendants deny any description of the referenced website and its contents to the extent the description is inconsistent with the referenced website.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

**THE SECURITIZATION**

117.     Answering Paragraph 117 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

118.     Answering Paragraph 118 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

119.     Answering Paragraph 119 of the FAC, Defendants respond that this paragraph contains a legal conclusion that does not require a response. To the extent this paragraph requires



1
2
a response Defendants are without sufficient knowledge or information to admit or deny the allegations and on that basis deny each and every allegation of this paragraph.

3
4
5
6
120.    Answering Paragraph 120 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

7
8
9
121.    Answering Paragraph 121 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

10
11
12
13
122.    Answering Paragraph 122 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

14
15
16
17
18
123.    Answering Paragraph 123 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

19
20
21
22
23
124.    Answering Paragraph 124 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

24
25
26
27
28
125.    Answering Paragraph 125 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

WK   WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728

126.     Answering Paragraph 126 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

127.     Answering Paragraph 127 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

128.     Answering Paragraph 128 of the FAC, BANA admits that it has a designated document custodian who holds the original notes for it, as well as the delivery and receipt certificates regarding those notes.  Except as expressly admitted, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

129.     Answering Paragraph 129 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

130.     Answering Paragraph 130 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

131.     Answering Paragraph 131 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

132.     Answering Paragraph 132 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

133.     Answering Paragraph 133 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

134.     Answering Paragraph 134 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

135.     Answering Paragraph 135 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

### *THE ASSIGNMENT OF DEED OF TRUST TO BANA*

136.     Answering Paragraph 136 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

137.     Answering Paragraph 137 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 23
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

1
2

admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

3
4
5
6
7
8
9

138.     Answering Paragraph 138 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

10
11
12
13
14
15
16

139.     Answering Paragraph 139 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

17
18
19
20
21
22
23
24

140.     Answering Paragraph 140 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

25

141.     Answering Paragraph 141 of the FAC, Defendants deny the allegations therein.

26
27

142.     Answering Paragraph 142 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 24
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1   contained therein.  Defendants deny any description of the referenced document and its terms to

2   the extent the description is inconsistent with the referenced document.  Except as expressly

3   admitted herein, Defendants lack sufficient information or knowledge to admit or deny the

4   allegations contained therein and, on that basis, deny the allegations.

5        143.    Paragraph 143 of the FAC is vague as to time and Plaintiff's purported definition

6   of "the Note" is vague and unidentifiable.  Therefore, Defendants lack sufficient information and

7   belief upon which to admit or deny the allegations contained therein, and on that basis deny each

8   and every allegation contained therein.

9        144.    Answering Paragraph 144 of the FAC, Plaintiff's purported definition of "the

10  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

11  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

12  them.

13       145.    Answering Paragraph 145 of the FAC, BANA admits that it is the loan servicer of

14  the subject loan on behalf of the owner of the loan. Except as expressly admitted herein,

15  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations

16  contained therein and, on that basis, deny the remaining allegations.

17       146.    Answering Paragraph 146 of the FAC, Defendants lack sufficient information and

18  belief upon which to admit or deny the allegations contained therein, and on that basis deny each

19  and every allegation contained therein.

20       147.    Answering Paragraph 147 of the FAC, Defendants lack sufficient information and

21  belief upon which to admit or deny the allegations contained therein, and on that basis deny each

22  and every allegation contained therein.

**WK** WITHERSPOON·KELLEY

Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

148.    Answering Paragraph 148 of the FAC, MERS denies the allegation therein. BANA is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

149.    Answering Paragraph 149 of the FAC, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

150.    Paragraph 150 of the FAC, contains legal conclusions that do not require a response. To the extent this paragraph requires a response, Defendants deny the allegations therein.

151.    Paragraph 151 of the FAC, contains legal conclusions that do not require a response. To the extent this paragraph requires a response, Defendants deny the allegations therein.

152.    Answering Paragraph 152 of the FAC, Plaintiff's allegations are vague as to what context Plaintiff is claiming that First Magnus had no successors or assigns and thus Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

153.    Paragraph 153 of the FAC, contains legal conclusions that do not require a response and Plaintiff's allegations are vague as to what context Plaintiff is claiming that First Magnus had no successors or assigns. To the extent this paragraph requires a response, Defendants deny the allegations therein.

154.    Paragraph 154 of the FAC, contains legal conclusions that do not require a response. To the extent this paragraph requires a response, Defendants lack sufficient information and belief about First Magnus Financial Corporation's status upon which to admit or



1   deny that allegation, and on that basis deny that allegation, as well as each and every remaining

2   allegation contained therein.

3       155.    Paragraph 155 of the FAC is vague as to "the disputed transaction" and thus,

4   Defendants lack sufficient information and belief upon which to admit or deny the allegations

5   contained therein, and on that basis deny each and every allegation contained therein.

6

7       156.    Paragraph 156 of the FAC is vague as to "the promissory note," "other

8   instrument," and "the obligation." Subject to, and without waiving, those objections, Defendants

9   admit that MERS never held the note for the subject loan.  Except as expressly admitted herein,

10  Defendants lack sufficient information and belief upon which to admit or deny the remaining

11  allegations contained therein, and on that basis deny each and every allegation contained therein.

12

13      157.    Answering Paragraph 157 of the FAC, the referenced Assignment of Deed of

14  Trust is a written document, which speaks for itself, and it is the best evidence of what is

15  contained therein.  Defendants deny any description of the referenced document and its terms to

16  the extent the description is inconsistent with the referenced document.  Except as expressly

17  admitted herein, Defendants lack sufficient information or knowledge to admit or deny the

18  allegations contained therein and, on that basis, deny the allegations.

19

20      158.    Answering Paragraph 158 of the FAC, Defendants respond that this paragraph

21  contains legal conclusions that do not require a response. To the extent this paragraph requires a

22  response Defendants are without sufficient knowledge or information to admit or deny the

23  allegations and on that basis deny each and every allegation of this paragraph.

24

25      159.    Paragraph 159 of the FAC is vague as to "the disputed transaction" and thus,

26  Defendants lack sufficient information and belief upon which to admit or deny the allegations

27  contained therein, and on that basis deny each and every allegation contained therein.

28



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

160.    Paragraph 160 of the FAC is vague as to "the disputed transaction" and thus, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

161.    Paragraph 161 of the FAC is vague as to "the disputed transaction" and thus, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

162.    Answering Paragraph 162 of the FAC, Defendants respond that this paragraph contains legal conclusions that do not require a response. To the extent this paragraph requires a response Defendants deny each and every allegation of this paragraph.

163.    Answering Paragraph 163 of the FAC, Defendants deny each and every allegation of this paragraph.

164.    Paragraph 164 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

165.    Paragraph 165 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

166.    Paragraph 166 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants lack sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 28
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

167.    Paragraph 167 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

168.    Paragraph 168 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

169.    Paragraph 169 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

170.    Paragraph 170 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

171.    Paragraph 171 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, Defendants deny the allegations therein.

172.    Answering Paragraph 172 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

173.    Answering Paragraph 173 of the FAC, Defendants admit the allegations contained therein.

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

1

2

3

174.     Answering Paragraph 174 of the FAC, Defendants respond that this paragraph contains legal conclusions that do not require a response. To the extent this paragraph requires a response Defendants deny each and every allegation of this paragraph.

4

5

6

7

8

9

10

175.     Answering Paragraph 175 of the FAC, the referenced Assignment of Deed of Trust is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

11

12

13

14

15

16

17

18

176.     Paragraph 176 of the FAC is vague as to "conveyed" and Plaintiff's purported definition of "the Note" is vague and unidentifiable.  Therefore, BANA lacks sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

19

20

21

22

23

24

25

177.     Paragraph 177 of the FAC is vague as to "conveyed" and Plaintiff's purported definition of "the Note" is vague and unidentifiable.  Therefore, BANA lacks sufficient information and belief upon which to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

26

27

28

178.     Paragraph 178 of the FAC is vague as to "delivered" and Plaintiff's purported definition of "the Note" is vague and unidentifiable.  Therefore, BANA lacks sufficient



1   information and belief upon which to admit or deny the allegations contained therein, and on that

2   basis denies each and every allegation contained therein.  MERS is without sufficient

3   information or knowledge to admit or deny the allegations contained in this paragraph, and on

4   that basis, denies them.

5       179.    Paragraph 179 of the FAC is vague as to "negotiated" and Plaintiff's purported

6   definition of "the Note" is vague and unidentifiable.  Therefore, BANA lacks sufficient

7   information and belief upon which to admit or deny the allegations contained therein, and on that

8   basis denies each and every allegation contained therein.  MERS is without sufficient

9   information or knowledge to admit or deny the allegations contained in this paragraph, and on

10  that basis, denies them.

11      180.    Answering Paragraph 180 of the FAC, Defendants lack sufficient information or

12  knowledge to admit or deny the allegations contained therein and, on that basis, deny the

13  allegations.

14      181.    Answering Paragraph 181 of the FAC, Plaintiff's purported definition of "the

15  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

16  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

17  them.

18      182.    Answering Paragraph 182 of the FAC, Plaintiff's purported definition of "the

19  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

20  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

21  them.

22      183.    Paragraph 183 of the FAC does not state a factual allegation, but instead attempts

23  to state either argument or legal conclusions to which no response is required.  To the extent this

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 31
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

1   paragraph requires a response, BANA denies each and every allegation contained therein.

2   MERS is without sufficient information or knowledge to admit or deny the allegations contained

3   in this paragraph, and on that basis, denies them.

4       184.    Paragraph 184 of the FAC is vague as to any facts and thus, Defendants are

5   without sufficient information or knowledge to admit or deny the allegations contained in this

6   paragraph, and on that basis, deny them.

7       185.    Answering Paragraph 185 of the FAC, Plaintiff's purported definition of "the

8   Note" is vague and unidentifiable and thus Defendants are without sufficient information or

9   knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

10  them.

11      186.    Answering Paragraph 186 of the FAC, Plaintiff's purported definition of "the

12  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

13  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

14  them.

15      187.    Paragraph 187 of the FAC is vague as to "the transaction" and thus, Defendants

16  are without sufficient information or knowledge to admit or deny the allegations contained in this

17  paragraph, and on that basis, deny them.

18      188.    Answering Paragraph 188 of the FAC, Plaintiff's purported definition of "the

19  Note" is vague and unidentifiable and thus Defendants are without sufficient information or

20  knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

21  them.

22      189.    Answering Paragraph 189 of the FAC, Plaintiff's purported definition of "the

23  Note" is vague and unidentifiable and thus Defendants are without sufficient information or



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

190.    Answering Paragraph 190 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

191.    Answering Paragraph 191 of the FAC, Defendants deny each and every allegation of this paragraph.

192.    Paragraph 192 of the FAC contains no allegations and thus no response is required. To the extent this paragraph requires a response Defendants deny each and every allegation of this paragraph.

***THE APPOINTMENT OF SUCCESSOR TRUSTEE***

193.    Answering Paragraph 193 of the FAC, the referenced Appointment of Successor Trustee is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

194.    Answering Paragraph 194 of the FAC, the referenced Appointment of Successor Trustee is a written document, which speaks for itself, and it is the best evidence of what is contained therein.  Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.  Except as expressly

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations.

195.    Paragraph 195 of the FAC does not state a factual allegation, but instead attempts to state either argument or legal conclusions to which no response is required.  To the extent this paragraph requires a response, BANA denies each and every allegation contained therein. MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

196.    Answering Paragraph 196 of the FAC, BANA denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

197.    Answering Paragraph 197 of the FAC, BANA denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

198.    Answering Paragraph 198 of the FAC, BANA denies each and every allegation contained therein based on information and belief.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

199.    Paragraph 199 of the FAC is vague as to any facts and thus, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

200.    Paragraph 200 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, Defendants deny the allegations therein.

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

201.    Paragraph 201 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, Defendants deny the allegations therein.

202.    Paragraph 202 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, Defendants deny the allegations therein.

203.    Answering Paragraph 203 of the FAC, BANA denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

204.    Answering Paragraph 204 of the FAC, BANA denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

205.    Paragraph 205 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, Defendants deny the allegations therein.

206.    Paragraph 206 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, Defendants deny the allegations therein.

***THE REFUSED LOAN MODIFICATION***

207.    Answering Paragraph 207 of the FAC, Plaintiff's allegations are vague and overly broad.   Subject to, and without waiving, those objections, BANA admits that Plaintiff applied to BANA for a loan modification on multiple occasions. Except as expressly admitted herein, BANA denies all remaining allegations contained therein.  MERS is without sufficient



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

208.    Answering Paragraph 208 of the FAC, Plaintiff's allegations are vague and overly broad.   Subject to, and without waiving, those objections, BANA admits that BANA offered Plaintiff a trial period plan on multiple occasions.   Except as expressly admitted herein, BANA denies all remaining allegations contained therein.   MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

209.    Answering Paragraph 209 of the FAC, Plaintiff's allegations are vague and overly broad.   Subject to, and without waiving, those objections, BANA denies that it ever denied Plaintiff a permanent loan modification for no adequate reason.   MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

**THE MISSING NOTICE OF DEFAULT**

210.    Answering Paragraph 210 of the FAC, BANA admits that no Notice of Default has been recorded relating to the subject loan and that recordation is not required.   MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

**THE NOTICE OF TRUSTEE'S SALE**

211.    Answering Paragraph 211 of the FAC, the referenced Notice of Trustee's Sale is a written document, which speaks for itself, and it is the best evidence of what is contained therein. Defendants deny any description of the referenced document and its terms to the extent the description is inconsistent with the referenced document.   Except as expressly admitted herein,

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1    Defendants lack sufficient information or knowledge to admit or deny the allegations contained
2    therein and, on that basis, deny the allegations.

3        212.    Answering Paragraph 212 of the FAC, Defendants are without sufficient
4    information or knowledge to admit or deny the allegations contained in this paragraph, and on
5    that basis, deny them.

6
7        213.    Answering Paragraph 213 of the FAC, Defendants are without sufficient
8    information or knowledge to admit or deny the allegations contained in this paragraph, and on
9    that basis, deny them.

10
11       214.    Answering Paragraph 214 of the FAC, Defendants are without sufficient
12   information or knowledge to admit or deny the allegations contained in this paragraph, and on
13   that basis, deny them.

14       215.    Answering Paragraph 215 of the FAC, the referenced Notice of Trustee's Sale is a
15   written document, which speaks for itself, and it is the best evidence of what is contained therein.
16   Defendants deny any description of the referenced document and its terms to the extent the
17   description is inconsistent with the referenced document.  Except as expressly admitted herein,
18   Defendants lack sufficient information or knowledge to admit or deny the allegations contained
19   therein and, on that basis, deny the allegations.

20
21       216.    Answering Paragraph 216 of the FAC, Defendants deny each and every allegation
22   contained therein.

23       217.    Answering Paragraph 217 of the FAC, the referenced Notice of Trustee's Sale is a
24   written document, which speaks for itself, and it is the best evidence of what is contained therein.
25   Defendants deny any description of the referenced document and its terms to the extent the
26   description is inconsistent with the referenced document.  Except as expressly admitted herein,
27
28



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1 | Defendants lack sufficient information or knowledge to admit or deny the allegations contained

2 | therein and, on that basis, deny the allegations.

3 | 218.    Answering Paragraph 218 of the FAC, Defendants deny each and every allegation

4 | contained therein.

5 | 219.    Answering Paragraph 219 of the FAC, the referenced Notice of Trustee's Sale is a

6 | 
7 | written document, which speaks for itself, and it is the best evidence of what is contained therein.

8 | Defendants deny any description of the referenced document and its terms to the extent the

9 | description is inconsistent with the referenced document.  Except as expressly admitted herein,

10 | Defendants lack sufficient information or knowledge to admit or deny the allegations contained

11 | 
12 | therein and, on that basis, deny the allegations.

13 | 220.    Answering Paragraph 220 of the FAC, Defendants are without sufficient

14 | information or knowledge to admit or deny the allegations contained in this paragraph, and on

15 | that basis, deny them.

16 | 
17 | 221.    Answering Paragraph 221 of the FAC, Defendants are without sufficient

18 | information or knowledge to admit or deny the allegations contained in this paragraph, and on

19 | that basis, deny them.

20 | 222.    Answering Paragraph 222 of the FAC, BANA denies each and every allegation

21 | 
22 | contained therein.  MERS is without sufficient information or knowledge to admit or deny the

23 | allegations contained in this paragraph, and on that basis, denies them.

24 | **THE ABSENCE OF CHAIN OF TITLE**

25 | 223.    Answering Paragraph 223 of the FAC, BANA responds that this paragraph

26 | contains a legal conclusion that does not require a response. To the extent this paragraph requires

27 | a response, BANA denies the allegations therein. MERS is without sufficient information or

28 |



1
2

knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies

them.

3

***SECTION 22 WAS NOT COMPLIED WITH***

4
5
6
7
8
9
10

224.     Answering Paragraph 224 of the FAC, the referenced Deed of Trust is a written

document, which speaks for itself, and it is the best evidence of what is contained therein.

Defendants deny any description of the referenced document and its terms to the extent the

description is inconsistent with the referenced document.  Except as expressly admitted herein,

Defendants lack sufficient information or knowledge to admit or deny the allegations contained

therein and, on that basis, deny the allegations.

11
12
13
14

225.     Answering Paragraph 225 of the FAC, BANA denies each and every allegation

contained therein.  MERS is without sufficient information or knowledge to admit or deny the

allegations contained in this paragraph, and on that basis, denies them.

15
16
17
18
19
20
21

226.     Answering Paragraph 226 of the FAC, the referenced Deed of Trust is a written

document, which speaks for itself, and it is the best evidence of what is contained therein.

Defendants deny any description of the referenced document and its terms to the extent the

description is inconsistent with the referenced document.  Except as expressly admitted herein,

Defendants lack sufficient information or knowledge to admit or deny the allegations contained

therein and, on that basis, deny the allegations.

22
23
24
25

227.     Answering Paragraph 227 of the FAC, BANA denies each and every allegation

contained therein.  MERS is without sufficient information or knowledge to admit or deny the

allegations contained in this paragraph, and on that basis, denies them.

26
27
28

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*SERVICING VIOLATIONS*

228.    Answering Paragraph 228 of the FAC, BANA denies each and every allegation contained therein.  MERS is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, denies them.

229.    Answering Paragraph 229 of the FAC, Defendants respond that this paragraph contains a legal conclusion that does not require a response. To the extent this paragraph requires a response Defendants are without sufficient knowledge or information to admit or deny the allegations and on that basis deny each and every allegation of this paragraph.

*BANA IS A DEBT COLLECTOR*

230.    Answering Paragraph 230 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

*BANA IS NOT HOLDER IN DUE COURSE OF THE NOTE*

231.    Answering Paragraph 231 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

232.    Answering Paragraph 232 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

233.     Answering Paragraphs 233 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

234.     Answering Paragraph 234 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

235.     Answering Paragraph 235 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

236.     Answering Paragraph 236 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

237.     Answering Paragraph 237 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

238.     Answering Paragraph 238 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or



1   knowledge to admit or deny the allegations contained in this paragraph, and on that basis, deny

2   them.

3                               **FIRST CAUSE OF ACTION**
                                      **(Quiet Title)**
4                                 **(Against All Defendants)**

5          239-261.          Answering Paragraph 239-261 of the FAC, Defendants respond that no

6   response is required because the Court granted Defendants' Motion to Dismiss as to this cause of

7
8   action. To the extent that a response is required, Defendants deny each and every allegation

9   contained therein.

10                              **SECOND CAUSE OF ACTION**
11          **(Fair Debt Collection Practices Act, FDCPA (15 U.S.C. § 1692-1692o))**
                **(Against BANA, MTC FINANCIAL INC. D/B/A TRUSTEE CORPS)**
12
13         262-313.          Answering Paragraph 262-313 of the FAC, Defendants respond that no

14  response is required because the Court granted BANA's Motion to Dismiss as to this cause of

15  action, and this cause of action was not alleged against MERS. To the extent that a response is

16  required, Defendants deny each and every allegation contained therein.

17
18                              **THIRD CAUSE OF ACTION**
                                     **(Defamation)**
19                             **(Against BANA; MTC; Does #1-10)**

20         314.       No response is required to FAC ¶314, since it merely is a recitation incorporation

21  by reference the allegations of the preceding paragraphs of Plaintiff's FAC; however, to the

22  extent that a response is required, BANA incorporates by reference BANA's responses to the

23  preceding paragraphs of this answer to Plaintiff's FAC.
24
25         315.       Answering Paragraph 315 of the FAC, BANA denies each and every allegation

26  contained therein.

27

28



316.     Answering Paragraph 316 of the FAC, BANA denies each and every allegation contained therein.

317.     Answering Paragraph 317 of the FAC, BANA denies each and every allegation contained therein.

318.     Paragraph 318 of the FAC, contains legal conclusions that do not require a response. To the extent his paragraph requires a response, BANA denies the allegations therein.

319.     Answering Paragraph 319 of the FAC, BANA denies each and every allegation contained therein.

320.     Answering Paragraph 320 of the FAC, BANA denies each and every allegation contained therein.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment (28 U.S.C. § 2201 et seq.))
### (Against All Defendants)

321-348.     Answering Paragraph 321-348 of the FAC, Defendants respond that no response is required because the Court granted Defendants' Motion to Dismiss as to this cause of action. To the extent that a response is required, Defendants deny each and every allegation contained therein.

### FIFTH CAUSE OF ACTION
### (Cancellation of Instrument(s))
### (Against All Defendants)

349-357.     Answering Paragraph 349-357 of the FAC, Defendants respond that no response is required because the Court granted Defendants' Motion to Dismiss as to this cause of action. To the extent that a response is required, Defendants deny each and every allegation contained therein.



## SIXTH CAUSE OF ACTION
### (Replevin)
### (Against All Defendants)

358.    No response is required to FAC ¶358, since it merely is a recitation incorporation by reference the allegations of the preceding paragraphs of Plaintiff's FAC; however, to the extent that a response is required, Defendants incorporate by reference Defendants' responses to the preceding paragraphs of this answer to Plaintiff's FAC.

359.    Answering Paragraphs 359-366 of the FAC, Plaintiff's purported definition of "the Note" is vague and unidentifiable and thus Defendants are without sufficient information or knowledge to admit or deny the allegations contained in these paragraphs, and on that basis, deny them.

## SEVENTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)
### (Against All Defendants)

367-376.    Answering Paragraph 367-376 of the FAC, Defendants respond that no response is required because the Court granted Defendants' Motion to Dismiss as to this cause of action. To the extent that a response is required, Defendants deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION
### (Washington's Deed of Trust Act)
### (Against MERS Defendants, Trustee Corps, BANA)

377-381.    Answering Paragraph 377-381 of the FAC, Defendants respond that no response is required because the Court granted Defendants' Motion to Dismiss as to this cause of action. To the extent that a response is required, Defendants deny each and every allegation contained therein.

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH CAUSE OF ACTION
### (Washington's Consumer Protection Act)
### (Against MERS Defendants, Trustee Corps, BANA)

382-402.        Answering Paragraph 382-402 of the FAC, Defendants respond that no response is required because the Court granted Defendants' Motion to Dismiss as to this cause of action. To the extent that a response is required, Defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

In response to the relief requested in the Prayer, Defendants deny that Plaintiff is entitled to any of the requested relief for the reasons set forth in this answer and based upon the Court's granting of Defendants' Motion to Dismiss as to the first, second, fourth, fifth, seventh, eighth, and ninth causes of action.

## AFFIRMATIVE DEFENSES

Having answered the allegations in the FAC, Defendants set forth the following affirmative defenses. By setting forth these affirmative defenses, Defendants do not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Further, Defendants reserve the right to amend or supplement the affirmative defenses as discovery or further investigation may justify.

1.        Plaintiff fails to state a claim upon which relief may be granted.

2.        Plaintiff's demand for damages is barred, in whole or in part, because of Plaintiff's failure to act reasonably to mitigate the alleged damages.

3.        The FAC, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 45
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.      The FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of estoppel due to Plaintiff's own acts or omissions.

5.      The FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

6.      Plaintiff had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the FAC and, while conscious of those acts and/or omissions, Plaintiff gave express or implied consent to all such alleged acts and/or omissions.

7.      The FAC, and each and every purported cause of action alleged therein, is barred by Plaintiff's ratification of the actions allegedly undertaken.

8.      Plaintiff unreasonably delayed in providing notice and in commencing and prosecuting this action which caused unfair prejudice to FAC, barring any recovery against Defendants under the equitable doctrine of laches.

9.      Plaintiff is not entitled to any recovery from FAC due to Plaintiff's failure to comply with the conditions, covenants and promises that he was required to perform under the alleged agreement.

10.     The statement(s) that Plaintiff claims were defamatory were substantially true.

11.     Plaintiff failed to commence this action within the time required by the applicable statute of limitations.

12.     Without admitting any of the allegations in the FAC, Defendants allege that the injuries and/or damages alleged by Plaintiff were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act.



13.     Defendants assert as an affirmative defense that Plaintiff's replevin claim is barred because Plaintiff does not have standing to pursue his claim because the subject debt has not been fully satisfied, or otherwise paid in full.

14.     To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

WHEREFORE, Defendants request that the Court enter an Order as follows:

1.     The Plaintiff takes nothing by the FAC;

2.     For judgment in Defendants' favor;

3.     For an award of costs incurred herein to FAC to the fullest extent allowed by contract or law;

4.     For an award of reasonable attorneys' fees to the maximum extent allowed by law or contract to Defendants; and

5.     For such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of February, 2019.


WITHERSPOON • KELLEY

*s/Daniel J. Gibbons*
Daniel J. Gibbons, WSBA # 33036
djg@witherspoonkelley.com
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-458-2728
*Attorneys for Defendants Bank of America, N.A.,*
*Mortgage Electronic Registration Systems, Inc.; and*
*Merscorp Holdings, Inc.*

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 47
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }



WK   WITHERSPOON•KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 7th day of February, 2019,

3

    1.    I caused to be electronically filed the foregoing DEFENDANTS' BANK OF

4

AMERICA, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the Court

5

using the CM/ECF System which will send notification of such filing to the following:

6

                **Jeremy Wolfson**:    jerwolfson@gmail.com

7

                **Michael S. DeLeo**:    mdeleo@prklaw.com

                **Fred B. Burnside**:    fredburnside@dwt.com

8

                **Frederick A Haist**:    frederickhaist@dwt.com

9

10

    2.    I hereby certify that I have mailed by United States Postal Service the foregoing

document to the following non-CM/ECF participants at the address listed**:  None.**

11

12

    3.    I hereby certify that I have mailed by United States Postal Service the document

to the following CM/ECF participants at the address listed below:  **None.**

13

14

    4.    I hereby certify that I have hand-delivered the document to the following

participants at the addresses listed below:  **None.**

15

                */s/Daniel J. Gibbons*

16

                Daniel J. Gibbons, WSBA # 33036

                djg@witherspoonkelley.com

17

                WITHERSPOON • KELLEY

                422 W. Riverside Ave., Suite 1100

18

                Spokane, WA 99201-0300

19

                Phone: 509-624-5265

                Fax: 509-458-2728

20

                *Attorneys for Defendants Bank of America, N.A.*

21

                *Mortgage Electronic Registration Systems, Inc.; and*

                *Merscorp Holdings, Inc.*

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 48
Case No.:  3:17-cv-06064-BHS
{S1809870; 1 }

**WK** WITHERSPOON • KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728