`

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

JEREMY WOLFSON,

Plaintiff,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, its successors in interest and/or Assigns; MTC FINANCIAL INC. d/b/a TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; MERSCORP HOLDINGS, INC.; MAROON HOLDING, LLC; INTERCONTINENTAL EXCHANGE, INC.; FIRST MAGNUS FINANCIAL CORPORATION, an Arizona Corporation; and DOES #1-10, inclusive,

Defendants.

No. 3:17-cv-06064-BHS

DEFENDANT MTC FINANCIAL INC. d/b/a TRUSTEE CORPS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant MTC Financial, Inc., d/b/a Trustee Corps ("Trustee Corps"), by and through its attorney of record, Michael S. DeLeo of Peterson Russell Kelly Livengood PLLC, and submits its Answer to Plaintiff's Amended Complaint ("Complaint").

**PRELIMINARY NOTES**

1. Paragraphs 1 through 13 are not directed at Trustee Corps and furthermore consist of legal arguments and conclusions to which no response should be required. To the extent a response is required, Trustee Corps denies the allegations.

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

## JURISDICTION

2. Paragraphs 14 through 20 consist of legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps is without sufficient information and therefore denies the allegations.

## PARTIES

3. Answering paragraph 21 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship, and accordingly denies the allegation.

4. Answering paragraph 22 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to Bank of America, N.A.'s principal place of business, and accordingly denies the allegation.

5. Paragraphs 23 through 32 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

6. Trustee Corps admits paragraph 33 of the Complaint.

7. Paragraph 34 of the Complaint is a misleading allegation and a legal conclusion to which no response should be required. To the extent a response is required, Trustee Corps responds that it is the trustee on the deed of trust, a recorded document, and denies any allegation that is contrary to the terms of the deed of trust.

8. Paragraphs 34 through 37 of the Complaint are misleading legal conclusions to which no response should be required. To the extent a response is required, Trustee Corps denies the allegations.

9. Paragraph 38 of the Complaint is not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

10. Answering paragraph 39 of the Complaint, Trustee Corps is without knowledge or

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

information sufficient to form a belief as to First Magnus Financial Corporation's principal place of business, and accordingly denies the allegation.

11. Paragraphs 40 through 45 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

12. Answering paragraph 46 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to Mortgage Electronic Registration System Inc.'s principal place of business, and accordingly denies the allegation.

13. Paragraphs 47 through 61 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

14. Paragraphs 62 of the Complaint is a statement not directed to Trustee Corps and therefore no response should be required from it.

**FACTUAL ALLEGATIONS**

15. Paragraph 63 consists of a statement to which no answer is required. To the extent a response is required, Trustee Corps denies.

16. Answering paragraph 64 of the Complaint, Trustee Corps states that this lawsuit pertains to real property (the "Property") identified in the Deed of Trust recorded under Pierce County recording number 200704271001 (the "DOT"). Trustee Corps admits the Plaintiff was reflected as the fee owner of the Property at certain times. Trustee Corps denies all other allegations in this paragraph not consistent with the DOT and also denies the allegations not specifically admitted.

17. Paragraphs 65 through 70 are not necessarily directed to Trustee Corps and they consist of legal conclusions to which no answer is required. To the extent the paragraphs require an answer, Trustee Corps denies them.

18. Paragraph 71 of the Complaint is denied.

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

19. Paragraph 72 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, the allegation is only denied if and to the extent it is contradicted by title records.

20. Paragraph 73 of the Complaint refers to a tatutory Warranty Deed recorded in Pierce County under recording number 200704271000. To the extent a response is required, the allegation is only denied if and to the extent it is contradicted by title records.

21. Paragraphs 74 through 79 and 81 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

22. Paragraph 80 of the Complaint refers to a recorded document which speaks for itself and for which no response should be required. To the extent a response is required, the allegation is admitted to the extent the allegation is consistent with the recorded document.

23. Paragraphs 82 through 90 of the Complaint consist of legal conclusions regarding a certain "Note." The understanding of Trustee Corps is that the Note referenced in the Complaint is a written document which would speak for itself. Trustee Corps therefore denies all allegations that are inconsistent with the Note and also denies the allegations not specifically admitted.

24. Paragraphs 91 through 99 of the Complaint do not appear to be directed to Trustee Corps and consist of legal conclusions, and therefore no response should be required from Trustee Corps. To the extent a response is required, Trustee Corps does not have sufficient information and, consequently, Trustee Corps denies the allegations.

25. Trustee Corps denies paragraph 100 of the Complaint.

26. Paragraphs 101 through 102 do not appear to be directed to Trustee Corps, and are largely legal conclusions. No response should therefore be required from Trustee Corps. To the extent a response is required, Trustee Corps admits those allegations that are consistent with the DOT and it denies all other allegations.

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

27. Paragraphs 103 through 114 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. Furthermore, these paragraphs refer to a DOT that speaks for itself. Trustee Corps denies all allegations inconsistent with the referenced DOT. To the extent a further response is required, Trustee Corps lacks sufficient information regarding the remaining allegations and they are, therefore, denied.

28. Paragraphs 115 through 116 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

29. Paragraphs 117 through 135 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. Furthermore, these paragraphs refer to a Note that speaks for itself. Trustee Corps denies all allegations inconsistent with the referenced Note. To the extent a further response is required, Trustee Corps lacks sufficient information regarding the remaining allegations and they are, therefore, denied.

30. Paragraphs 136 through 192 of the Complaint refer to the DOT and an Assignment, which are recorded documents and speak for themselves. Trustee Corps states that based on the information available to it, that it admits that there is an assignment of the DOT recorded in Pierce County under recording number 201306250227 (“Assignment”). Trustee Corps denies all allegations that are inconsistent with the DOT and the Assignment and all allegations not specifically admitted.

31. Paragraphs 193 through 198 of the Complaint consist of legal conclusions to which no response is required. Furthermore, the paragraphs reference that certain appointment of successor trustee recorded in Pierce County under recording number 201702070566 (“Substitution”). Trustee Corps admits to the Substitution and states that it speaks for itself. Trustee Corps denies all allegations inconsistent with the Substitution and denies all allegations inconsistent with the Substitution not specifically admitted.

32. Paragraphs 199 through 203 of the Complaint are not directed to Trustee Corps and

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

therefore no response should be required from it. To the extent a response is required, Trustee Corps denies the allegations.

33. Trustee Corps denies the allegations in paragraphs 204, 205, and 206 of the Complaint.

34. Paragraphs 207 through 209 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

35. The allegation in paragraph 210 of the Complaint is unclear and seems to be based on an incorrect assumption and therefore no response should be required. To the extent a response is required, Trustee Corps is without sufficient information based on the vague references and therefore denies the allegations.

36. Paragraphs 211 through 219 of the Complaint reference that certain Notice of Trustee's Sale assigned Pierce County recording number 201703300242 ("NOS"), which speaks for itself. Trustee Corps admits those allegations consistent with the NOS and denies those allegations inconsistent with the NOS. Trustee Corps denies all allegations not admitted.

37. The allegations in paragraphs 220 and 221 of the Complaint are unclear and seem to be based on an incorrect assumption and therefore no response should be required. To the extent a response is required, Trustee Corps states that it is not the beneficiary of the Note, but it may have other claims against plaintiff all of which are expressly reserved. Trustee Corps denies allegations not admitted.

38. Paragraphs 222 and 223 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps denies the allegations.

39. Paragraphs 224 through 226 of the Complaint refer to a Deed of Trust which speaks for itself. Trustee Corps denies all allegations inconsistent with the Deed of Trust.

40. Paragraph 227 through 238 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

Corps denies the allegations.

**FIRST CAUSE OF ACTION**

41. Paragraph 239 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

42. Paragraphs 240 through 261 of the Complaint contain legal arguments and conclusions to which no response is required. Furthermore, the paragraphs are primarily comprised of legal conclusions to which no response should be required. To the extent a response is required, Trustee Corps denies the allegations.

**SECOND CAUSE OF ACTION**

43. Paragraph 262 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

44. Paragraph 263 through 277 are primarily legal conclusions to which no response should be required, To the extent a response is required, Trustee Corps denies the allegations.

**Count I**

45. Paragraphs 278 through 281 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps denies the allegations.

**Count II**

46. Paragraphs 282 through 283 of the Complaint are not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

47. Paragraphs 284 through 285 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**Count III**

48. Paragraphs 286 through 289 of the Complaint contain legal arguments and conclusions to

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

which no response is required. To the extent a response is required, Trustee Corps admits sending and recording the NOS. Trustee Corps denies all allegations not admitted.

**Count IV**

49. Paragraphs 290 through 291 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**Count V**

50. Paragraphs 292 through 293 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**County VI**

51. Paragraph 294 of the Complaint contains legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**County VII**

52. Paragraphs 295 through 297 of the Complaint are not direct at Trustee Corps and contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**County VIII**

53. Paragraphs 298 through 313 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps denies any wrongdoing and denies the allegations.

**THIRD CAUSE OF ACTION**

54. Paragraph 314 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

55. Paragraphs 315 through 320 of the Complaint contain legal conclusions to which no

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

response is required. To the extent a response is required and that there is an allegation directed at Trustee Corps, they are denied. Trustee Corps lacks sufficient information regarding any remaining allegations and they are therefore denied.

**FOURTH CAUSE OF ACTION**

56. Paragraph 321 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

**Count I**

57. Paragraphs 322 through 332 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**Count II**

58. Paragraph 333 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

59. Paragraphs 334 through 335 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**Count III**

60. Paragraph 336 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

61. Paragraphs 337 through 345 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**Count IV**

62. Paragraph 346 of the Complaint is not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

**Count V**

63. Paragraph 347 of the Complaint is not directed to Trustee Corps and therefore no response should be required from it. To the extent a response is required, Trustee Corps denies the allegations.

64. Paragraph 348 of the Complaint contains legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps denies the allegations.

**FIFTH CAUSE OF ACTION**

65. Paragraph 349 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

66. Paragraph 350 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

67. Trustee Corps denies the allegation in paragraph 351 of the Complaint.

68. Paragraphs 352 through 357 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps denies the allegations.

**SIXTH CAUSE OF ACTION**

69. Paragraph 358 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

70. Paragraphs 359 through 366 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps denies the allegations.

**SEVENTH CAUSE OF ACTION**

71. Paragraph 367 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

72. Paragraphs 368 through 376 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.



**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

**EIGHTH CAUSE OF ACTION**

73. Paragraph 377 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

74. Paragraphs 378 through 381 of the Complaint contain legal conclusions to which no response is required. Furthermore, the allegations are not directed to Trustee Corps. To the extent a response is required, Trustee Corps lacks sufficient information and therefore denies the allegations.

**NINTH CAUSE OF ACTION**

75. Paragraph 382 of the Complaint re-alleges the foregoing paragraphs and Trustee Corps re-alleges its responses to those paragraphs as though fully set forth here.

76. Paragraphs 383 through 402 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Trustee Corps denies the allegations.

**PRAYER FOR RELIEF**

77. The remainder of the Plaintiff's Complaint consists of a prayer for relief. Trustee Corps denies that Plaintiff is entitled to any relief against Trustee Corps.

78. All paragraphs of the Complaint not expressly admitted herein are hereby denied. Trustee Corps reserves the right to amend its answer and affirmative defenses.

**TRUSTEE CORPS' AFFIRMATIVE DEFENSES**

By way of further answer and as affirmative defenses against Plaintiff, Trustee Corps alleges as follows:

A. Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff fails to state a claim upon which relief may be granted.

B. Plaintiff's claims against Trustee Corps may be barred in whole or in part based on the doctrines of collateral estoppel and / or res judicata.

C. Plaintiff's claims against Trustee Corps may be barred in whole or in part under the doctrines of waiver, laches, estoppel, and/or unclean hands.

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

D. Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff has failed to suffer any damages proximately caused by Trustee Corps.

E. Plaintiff's alleged damages, if any, are the result of his own fault, or the fault of another, for which Trustee Corps has no liability.

F. Plaintiff does not have a cognizable claim for damages against Trustee Corps because Trustee Corps has not breached any duty with regard to its role as trustee on the deed of trust for the real property at issue.

G. Plaintiff's claim is barred in whole or in part because Trustee Corp has not violated any aspect of Washington's Deed of Trust Act.

H. Plaintiff's claim is barred in whole or in part by an applicable statute of limitations and/or statutes of repose.

I. Plaintiff's claim is barred in whole or in part to the extent that the FDCPA does not apply to foreclosure activity.

**TRUSTEE CORPS' PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Trustee Corps requests the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice, and that they take nothing thereby;

B. That Trustee Corps be awarded its attorney's fees and costs as allowed by law including Rule 11 of this Court; and

C. Such other relief as the Court deems just and equitable.

DATED: May 12, 2020.

PETERSON RUSSELL KELLY LIVENGOOD PLLC

By: *s/ Michael S. DeLeo*

Michael S. DeLeo, WSBA# 22037
Peterson Russell Kelly Livengood PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004
Tel: (425) 462-4700

DEFENDANT MTC FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT - 12
CASE No. 3:17-cv-06064-BHS

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

Email: mdeleo@prklaw.com
Attorneys for Defendant MTC Financial Inc., d/b/a Trustee Corps

DEFENDANT MTC FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT - 13
CASE No. 3:17-cv-06064-BHS

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

**CERTIFICATE OF SERVICE**

I certify that I caused to be served in the manner noted below a copy of the foregoing pleading on the following individual(s):

| | |
|---|---|
| Jeremy Wolfson<br>16208 132nd Eve. East<br>Puyallup, WA 98374<br>Email: jerwolfson@gmail.com | [ ] Via Facsimile<br>[ ] Via First Class Mail<br>[ ] Via Messenger<br>[ ] Via Email<br>[X] Via CM/ECF Electronic Notice |
| Fred B Burnside<br>Frederick A. Haist<br>Davis Wright Tremaine<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101<br>Email: fredburnside@dwt.com;<br>frederickhaist@dwt.com | [ ] Via Facsimile<br>[ ] Via First Class Mail<br>[ ] Via Messenger<br>[ ] Via Email<br>[X] Via CM/ECF Electronic Notice |
| Daniel J. Gibbons<br>Steven J. Dixson<br>Witherspoon Kelley<br>422 West Riverside Avenue, Suite 1100<br>Spokane, WA 99201<br>Email: djg@witherspoonkelley.com<br>sjd@witherspoonkelley.com | [ ] Via Facsimile<br>[ ] Via First Class Mail<br>[ ] Via Messenger<br>[ ] Via Email<br>[X] Via CM/ECF Electronic Notice |
| Douglas C Stastny<br>Severson & Werson<br>19100 Von Karman Ave, Suite 700<br>Irvine, CA 92612<br>Email: dcs@severson.com | [ ] Via Facsimile<br>[ ] Via First Class Mail<br>[ ] Via Messenger<br>[ ] Via Email<br>[X] Via CM/ECF Electronic Notice |

DATED: May 12, 2020, at Bellevue, Washington.

*s/ Rachel White*
Rachel White, Paralegal

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**