The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

JEREMY WOLFSON,

Plaintiff,

v.

BANK OF AMERICA, NATIONAL
ASSOCIATION, its successors in interest
and/or Assigns; MTC FINANCIAL INC.
d/b/a TRUSTEE CORPS; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS
INC; MERSCORP HOLDINGS, INC.;
MAROON HOLDING, LLC;
INTERCONTINENTAL EXCHANGE, INC.;
FIRST MAGNUS FINANCIAL
CORPORATION, an Arizona Corporation;
and DOES #1-10, inclusive,

Defendants.

No. 3:17-cv-06064-BHS

DEFENDANT MTC FINANCIAL INC.
d/b/a TRUSTEE CORPS' MOTION FOR
SUMMARY JUDGMENT

NOTE ON MOTION CALENDAR:

JUNE 12, 2020

## I.   INTRODUCTION AND RELIEF REQUESTED

This case involves an April of 2007 mortgage loan to Plaintiff Jeremy Wolfson

("Wolfson").  Defendant Bank of America, N.A. ("BANA") services the loan.  Wolfson stopped

making payments on the loan in July of 2016.  Defendant MTC Financial Inc., d/b/a Trustee

Corps ("MTC") was appointed successor trustee and a foreclose sale was commenced.  The

foreclosure sale, however, was not completed.  After the foreclosure sale was started, Wolfson

commenced the above-captioned litigation asserting the following nine (9) claims against MTC

and other defendants:  (1) quiet title, (2) violations of the Federal Debt Collection Practices Act

("FDCPA"), (3) defamation, (4) declaratory judgment, (5) cancellation of instrument, (6)

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 1

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

1  replevin, (7) breach of the implied duty of good faith and fair dealing, (8) violations of

2  Washington Deed of Trusts Act ("DTA"), and (9) violations of the Washington Consumer

3  Protection Act ("CPA").[1]  Yet, Wolfson has not, and cannot, provide any evidence whatsoever to

4  support any of his claims.  At his deposition on January 17, 2020, Wolfson repeatedly testified

5  that he is unaware of any information that supports his claims against MTC.  And, Wolfson has

6  failed to produce any documents to support any his claims.  Because he is unable to provide

7  evidence to support his claim, all of Wolfson's claims should be dismissed as a matter of law.

8        BANA has filed a motion for summary judgment, docket number 83, to dismiss the

9  claims for replevin and defamation.  Wolfson's claims for defamation and replevin against

10 BANA are plead identically against MTC.  Consequently, the legal arguments supporting

11 dismissal of Wolfson's claims for replevin and defamation asserted by BANA apply to MTC.

12 MTC hereby adopts the arguments and legal authority set forth by BANA.  Accordingly, all of

13 Wolfson's claims against MTC should be dismissed with prejudice pursuant to Fed. R. Civ. P.

14 56.

15              **II.      FACTUAL AND PROCEDURAL BACKGROUND**

16    **A. <u>Loan History.</u>**

17        MTC adopts and fully incorporates the Loan History section set forth in BANA's motion

18 for summary judgment.[2]

19    **B. <u>MTC's Statement Regarding Wolfson's Deposition Testimony.</u>**

20        MTC adopts and fully incorporates the Wolfson's Deposition Testimony section of

21 BANA's motion for summary judgment.[3]  In addition, MTC sets forth its own statement of

22 Wolfson's deposition testimony.

23        Wolfson repeatedly testified that he is unaware of any information that supports his

24 claims against MTC:

25

26 [1] Wolfson submitted an Amended Complaint on June 22, 2018 (Dkt #36).  The references to complaint or Complaint
   in this motion refer to the operative complaint in this case.

27 [2] Dkt #83, page 3, lines 3-22.
   [3] Dkt #83.

DEFENDANT MTC FINANCIAL INC. d/b/a          **PETERSON RUSSELL KELLY LIVENGOOD PLLC**
TRUSTEE CORPS' MOTION FOR SUMMARY          **1850 Skyline Tower – 10900 NE Fourth Street**
JUDGMENT                                    **Bellevue, Washington 98004-8341**
(NO. 3:17-CV-06064-BHS) - 2                 **TELEPHONE (425) 462-4700 FAX (425) 451-0714**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Q. Why did you name my client, MTC Financial dba Trustee Corps, as a defendant in your lawsuit with Bank of America?
A. **I don't know**.
Q. Do you believe that MTC Financial did something that caused you to name them in this lawsuit?
A. **I'm unsure**.
Q. Is there any way you could figure out why you included them in this lawsuit?
A. **I don't know**.[4]

…

Q. Why did you list my client MTC Financial dba Trustee Corps as a defendant in this case?
A**. I don't recall**.
Q. What facts did you rely upon to list them as a defendant in this case?
A. **I'm not sure**.
Q. What claims are you making against them?
A. **I'm not sure**.
Q. What facts did you rely upon to support your claim against them?
A. **I don't know**.
Q. What witnesses do you know of to support your position?
A. **I'm not sure**.
Q. Are there any witnesses that you know of?
A. **I don't know**.
Q. Why don't you know?
A. **I'm unsure**.[5]

Even though Wolfson filed the complaint and amended complaint concerning the

Property[6]—which he asserts owning since 2007[7]—at his deposition, Wolfson continually

testified that he was not aware that he had any interest in the Property.  Wolfson testified as

follows:

Q. Do you own property located at 16208 132nd Avenue East in Puyallup, Washington?
A. **I don't know. I'm unsure**.
Q. Did you name MTC Financial, Inc., dba Trustee Corps in your lawsuit that you filed?
A. **I don't know**. [8]

…

Q. Do you believe that to be your address?
A. **I'm unsure**.

---

[4] Declaration of Michael S. DeLeo ("DeLeo Decl."), Ex. 1, Wolfson Deposition at 20:11-20:20.

[5] DeLeo Decl., Ex. 1, Wolfson Deposition at 34:10-35:2.

[6] The "Property" is commonly known as 16208 132nd Avenue East, Puyallup (See Amended Complaint, Dkt #36 at paragraph 64.

[7] Amended Complaint, Dkt #36 at paragraph 73.

[8] DeLeo Decl., Ex. 1, Wolfson Deposition at 15:24-16:4.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 3

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

Q. So the address listed there as 16208 132nd Avenue East, Puyallup, Washington, it's the same address you listed on Exhibit 1, your complaint?

A. **I don't recall listing anything**.

Q. Do you believe this to be your address, this address listed here under your name on Exhibit 6?

A. **I'm unsure**.

Q. Why are you unsure?

A. **I'm unsure**.

Q. You have to explain that to me.

A. **In what sense**?

Q. It's either your address or it's not. If it's not your address, I would like you to explain why you 15 don't think it's your address.

A. **I'm unsure**.

Q. I understand that you're unsure. I want you to explain to me why you're not sure?

A. **I don't know**. [9]

…

Q. Do you recall obtaining -- purchasing the – do you contend that the property listed at 16208 132nd Avenue East in Puyallup, Washington, is your property?

A. **I'm uncertain**.

Q. Why?

A. **I don't know**.

Q. Do you own any real property?

A. **I am not sure, certain**.

Q. Why are you uncertain?

A. **I don't know**. [10]

Wolfson also was unable to testify regarding making payments due under the Note secured by the Property.

Q. Do you agree that you haven't been making payments on your loan to Bank of America since August 1st, 2016?

A. **I'm unsure**.

Q. You don't know if you've made payments or not?

A. **I'm unsure**.

Q. How would you figure it out?

A. **I don't know that information**.

Q. You don't know whether or not you made a payment on your loan?

A. **No. I'm unclear**.

Q. And you don't know how you would figure that out?

A. **I'm unsure**.

Q. So you don't have any way to dispute that these payments haven't been made?

A. **I'm unsure**.

---

[9] DeLeo Decl., Ex. 1, Wolfson Deposition at 27:25-28:19.
[10] DeLeo Decl., Ex. 1, Wolfson Deposition at 57:15-57:24.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 4

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1

Q. Is there any way that you could be sure?
A. **I don't know**.[11]

2

…

3

Q. Do you have any evidence to support that payments were made on this loan
   after July 1st, 2016?

4

A. **I'm unsure**.[12]

5

Wolfson was unable to provide evidence to support any of his claims.[13]  Wolfson

6

testified that he was unable to point to *any* evidence to support *any* of his claims against MTC.[14]

7

When counsel asked Wolfson about his defamation claims against MTC, Wolfson admitted that

8

he was unable to identify: (a) any false and misleading information that MTC published, and (b)

9

how his reputation was damaged in any way by the alleged defamation.[15]

10

Wolfson also testified that he could not identify any evidence to support his claim for

11

replevin:

12

Q. Turn to page 34, please. Paragraph 359 says, "The note being void or voidable

13

   (for fraud and for other reasons) is the property of plaintiff but it is in the
   possession of some defendant or its successor or assign or some unknown

14

   party." Do you have any evidence to support that allegation?
A. **I'm uncertain**.

15

Q. Do you believe that the note is your property?
A. **I'm uncertain**.

16

Q. Do you believe the note is your personal property?
A. **I'm uncertain**.

17

Q. Do you believe that you own the note that was secured by the subject loan?
A. **I'm uncertain**.

18

Q. Do you have any evidence to support the allegation that the note has been

19

   satisfied?
A. **I'm uncertain**.

20

Q. Do you have any evidence to support that you have paid off the note which

21

   we've identified as Exhibit 12, that it has been paid in full?
A**. I am uncertain**.[16]

22

23

24

---

[11] DeLeo Decl., Ex. 1, Wolfson Deposition at 19:18-20:10.

25

[12] DeLeo Decl., Ex. 1, Wolfson Deposition at 64:12-64:14.
[13] For example, when asked why he listed a quiet title claim, Wolfson testified "I'm unsure."  DeLeo Decl., Ex. 1,

26

Wolfson Deposition at 31:2-9.
[14] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.

27

[15] DeLeo Decl., Ex. 1, Wolfson Deposition at 70:19-73:22.
[16] DeLeo Decl., Ex. 1, Wolfson Deposition at 73:22-74:19.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 5

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1
2
3
4
5
6
7
8
9

Based upon Wolfson's own testimony, Wolfson has no evidence to support any of his claims against MTC. Wolfson was required, per the subpoena, to bring documents with him if he had any documents to support his claims.[17] Wolfson produced only two pages of documents in response to the subpoena.[18] This two-page document is titled "Documents Responsive to Defendant's Request;" yet there is nothing contained in that document supporting Wolfson's claims in any way. Instead, the two-page document merely contains links and excerpts from various websites. Because Wolfson has admitted through his testimony and failure to produce any supporting documents, this Court should grant MTC's motion and dismiss all of Wolfson's claims against MTC with prejudice.

10

### III.    STATEMENT OF ISSUES

11
12
13
14
15

1. Whether the Wolfson's claims against MTC for quite title, declaratory judgment, cancellation of instruments, breach of duty of good faith, violation of Washington's DTA, violation of Washington's CPA, and violation of FDCPA should be summarily dismissed (a) because they are untenable as a matter of law and (b) the complete lack of any evidence whatsoever to support the claims?

16
17

2. Whether the Court should dismiss Wolfson's claims of defamation and replevin because they are unsustainable as a matter of law and there is no evidence to support the claims?

18

### IV.    EVIDENCE RELIED ON

19
20
21
22

This Motion relies upon the Declarations submitted in support of BANA's motion for summary judgment, BANA's Request for Judicial Notice, the Declaration of Michael S. DeLeo, the exhibits thereto, including the deposition testimony of Wolfson attached thereto, the Declaration of Alan Burton and the exhibits attached thereto, and the pleadings and files herein.

23
24
25
26
27

---

[17] DeLeo Decl., Ex. 2.
[18] DeLeo Decl., Ex. 1, Wolfson Deposition at 45:4-47:6, 49:24-50:25; Ex. 3.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 6

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE **(425) 462-4700** FAX **(425) 451-0714**

1

## V.     ARGUMENT AND AUTHORITY

2

### 1.  The Summary Judgment Standard.

3

Summary judgment should be granted when "the movant shows that there is no genuine

4
dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19]  The

5
party seeking summary judgment "always bears the initial responsibility of informing the district

6
court of the basis for its motion, and identifying those portions of [the record] . . . which it

7
believes demonstrate the absence of a genuine issue of material fact."[20]  However, once the

8
moving party makes this initial showing, the burden on summary judgment shifts to the nonmoving

9
party, who must demonstrate the existence of a material issue of fact and "may not rely on the

10
mere allegations in the pleadings in order to preclude summary judgment."[21]  A "complete

11
failure of proof concerning an essential element of the nonmoving party's case necessarily

12
renders all other facts immaterial."[22]  Because Wolfson has a complete failure of proof on with

13
regard to each of his purported claims, they fail as a matter of law and MTC's motion for

14
summary judgment should be granted.

15

16

17

18

### 2.  Wolfson's Claims for (a) quiet title, (b) violations of the Federal Debt Collection Practices Act ("FDCPA"), (c) declaratory judgment, (d) cancellation of instrument, (e) breach of the implied duty of good faith and fair dealing, (f) violations of Washington Deed of Trusts Act ("DTA"), and (g) violations of the Washington Consumer Protection Act ("CPA") (collectively the "Dismissed Claims") should all be dismissed as a matter of law.

19

a.       <u>Wolfson's quiet title claim fails as a matter of law</u>.  A suit to quiet title is only

20
properly brought against a "person claiming the title or some interest" in the affected parcel.[23]

21
MTC is not claiming any interest in property.  Rather, MTC is the trustee on a deed of trust with

22
whatever rights are conveyed to it as trustee.  Hence, as a matter of law there is nothing to quiet

23

[19] Fed. R. Civ. P. 56(a).

24

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

[21] *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9th Cir.1987).  *See also Anderson v. Liberty*

25
*Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party").

26
[22] *Celotex*, 477 U.S. at 317.  *See also Arthur v. Whitman Cty*., 24 F. Supp. 3d 1024, 1028 (E.D. Wash. 2014) (noting that "summary judgment is required against a party who fails to make a showing sufficient to establish an essential

27
element of a claim, even if there are genuine factual disputes regarding other elements of the claim").

[23] RCW 7.28.010.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 7

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1   title against with regard to MTC and this Property.  Furthermore, even if MTC has some right to

2   the Property—which is does not, Wolfson cannot sustain a quiet title action because he cannot

3   show that he satisfied his payment obligations under the Deed of Trust.[24]  And, when asked,

4   Wolfson testified that he was unable to point to *any* evidence to support *any* of his claims against

5   MTC.[25]  Consequently, Wolfson's claim for quiet title fails and should be dismissed.

6           b.      Wolfson's FDCPA claim fails as a matter of law.  Foreclosure proceedings do not

7   constitute 'debt collection' within the meaning of the FDCPA."[26]  Additionally, "mortgagees and

8   their assignees, servicing companies, and trustee fiduciaries are not included in the definition of

9   'debt collector" for purposes of the FDCPA.[27]  Likewise, Courts have consistently found that

10  lenders and trustees that engage in foreclosure are not "debt collectors" under 15 U.S.C. §

11  1692a(6) because they are not seeking to collect money; instead, they are seeking to enforce a

12  security interest (the DOT) to gain property.[28]  Here, MTC is merely the trustee on the Deed of

13  Trust and there is no sustainable FDCPA claim that Wolfson can assert it.  Furthermore, Wolfson

14  testified that he was unable to point to *any* evidence to support *any* of his claims against MTC.[29]

15  Thus, summary dismissal of his FDCPA claim is warranted.

16          c.      Wolfson's claim for declaratory relief fails as a matter of law.  Although pled as a

17  separate cause of action, declaratory relief is a remedy.  Stated differently, declaratory relief is

18  not a cause of action, but a remedy that is dependent on an actual, legal right to relief.[30]  And,

19  here, Wolfson has not raised and valid or sustainable claim and therefore he is not entitled to

20

---

21  [24] *Evans v. BAC Home Loans Servicing LP*, No. c10-0656-RSM, 2010 WL 5138394, at *3 (W.D. Wash. 2010)
    ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied
22  their obligations under the Deed of Trust.").
    [25] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
23  [26] *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 316, 308 P.3d 716 (2013), *as modified* (Aug. 26, 2013).
    [27] *Ligon v. JP Morgan Chase Bank,* 2011 WL 2550836 (N.D. Cal. June 27, 2011).
24  [28] *Miller v. NW Trustee Servs., Inc*., Case No. CV -05-5043-RHW, 2005 WL 1711131, at *3 (E.D. Wash. 2005)
    *citing Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("foreclosing on a trust deed is distinct
25  from the collection of the obligation to pay money . . . Payment of funds is not the object of the foreclosure action.
    Rather, the lender is foreclosing its interest in the property").
26  [29] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
    [30] *Bisson v. Bank of America, N.A*., 919 F. Supp. 2d 1130, 1139-1140 (W.D. Wash. 2013) ("Plaintiffs might have a
27  claim for declaratory relief if they could properly plead a cause of action that establishes that they have a legal
    right" to such relief, "but without such a cause of action, there is no claim for declaratory relief.").

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 8

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1  declaratory relief.  Plus, he testified that he was unable to point to **any** evidence to support **any** of

2  his claims.[31]  Consequently, MTC's request to summarily dismiss Wolfson's declaratory

3  judgment claim should be granted.

4              d.       Wolfson's claim of cancellation of instrument fails as a matter of law.  Wolfson's

5  fifth cause of action, cancellation of instruments, is not a model of clarity.[32]  At its heart,

6  however, this claim is most generously characterized as a claim for wrongful foreclosure based

7  on improper foreclosure documents.  The Washington Supreme Court was asked by the U.S.

8  District Court for the Western District of Washington to determine whether state law recognizes

9  a cause of action for monetary damages where a plaintiff alleges violations of the DTA, Chapter

10  61.24 RCW, but where no foreclosure sale has been completed.[33]  The Supreme Court held that:

11  "the DTA does not create an independent cause of action for monetary damages based on alleged

12  violations of its provisions where no foreclosure sale has been completed."[34]  Here, no

13  foreclosure sale was completed.  And, as mentioned, Wolfson testified that he was unable to

14  point to **any** evidence to support **any** of his claims.[35]  Consequently, MTC's request to dismiss

15  this claim should be granted.

16              e.       Wolfson's claim for breach of the implied duty of good faith and fair dealing

17  claim fail as a matter of law.  Under Washington law, "[t]here is in every contract an implied

18  duty of good faith and fair dealing. This duty obligates the parties to cooperate with each other so

19  that each may obtain the full benefit of performance."[36]  Yet, here, Wolfson has failed to identify

20  the specific duty that MTC had that would support this claim.  And he has failed to show how

21  any alleged duty was breached and proximately caused him damage.  Moreover, "the common

22  law of contracts . . . is inapplicable to nonjudicial foreclosure sales under Washington's Deeds of

23

24

---

25  [31] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
   [32] Complaint, Dkt #36, at 349-57.

26  [33] *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wn.2d 412, 422, 334 P.3d 529 (2014).
   [34] *Id.* at 422.

27  [35] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
   [36] *Badgett v. Security State Bank*, 116 Wash. 2d 563, 569 (1991).

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 9

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE **(425) 462-4700** FAX **(425) 451-0714**

1   Trust Act."[37]   And, Wolfson testified that he was unable to point to *any* evidence to support *any*

2   of his claims against MTC.[38]   Accordingly, the Court should dismiss Wolfson's implied duty of

3   good faith and fair dealing claim.

4        f.        Wolfson's claim for violations of Washington Deed of Trusts Act ("DTA") fails

5   as a matter of law.   As mentioned in section 2.d, above, there is no independent cause of action

6   for violation of Washington's DTA.   Furthermore, Wolfson testified that he was unable to point

7   to *any* evidence to support *any* of his claims against MTC.[39]   Consequently, dismissal of

8   Wolfon's claim for violation of the DTA should be dismissed.

9        g.        Wolfson's claim for violation of Washington's Consumer Protection Act ("CPA")

10   fails as a matter of law.   A borrower may assert a cause of action under Washington's Consumer

11   Protection Act ("CPA") for alleged violations of Washington's Deed of Trust Act even in those

12   instances where a foreclosure was started but a foreclosure sale did not occur.[40]   But when

13   pursuing a CPA claim based on an alleged Deed of Trust Act violation, the claimant must still

14   establish all of the traditional elements of a CPA claim.[41]   The traditional elements of a CPA

15   claim are: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that

16   impacts the public interest; (4) injury to plaintiff's business or property; and, (5) causation.[42]

17   Failure to meet any one of these elements is fatal and necessitates dismissal.[43]   "Acts performed

18   in good faith under an arguable interpretation of existing law do not constitute unfair conduct

19   violative of the consumer protection law."[44]   In addition, whether an action constitutes an unfair

20   or deceptive practice is a question of law.[45]

21

22   [37] *Udall v. T.D. Escrow Servs., Inc.*, 132 Wn. App. 290, 302, 130 P.3d 908, 914 (2006), rev'd on other grounds by 159 Wn.2d 903, 154 P.3d 882 (2007).

23   [38] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
[39] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.

24   [40] *Frias v. Asset Foreclosure Services, Inc.*, 181 Wn.2d 412, 429, 334 P.3d 529 (2014).
[41] *Frias v. Asset Foreclosure Services, Inc.*, 181 Wn.2d 432.

25   [42] *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Col,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986).
[43] *Sorrel v. Eagle Healthcare*, 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).  In particular, a CPA claimant must prove that there is a causal link between the alleged misrepresentation or deceptive practice and the purported injury.

26   *Hangman Ridge*, supra. at 793; see also *Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wn.2d 321, 617 P.2d 415 (1980) (alleged deceptive acts must result in injury).

27   [44] *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 155, 930 P.2d 288 (1997).
[45] *Id.*

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 10

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1   A CPA claimant must plead and prove that there is a causal link between the alleged

2   misrepresentation or deceptive practice and the purported injury.[46]  A plaintiff must demonstrate

3   that the "injury complained of... would not have happened" if not for defendant's acts.[47]  Here,

4   not only has Wolfson failed to demonstrate that a "casual link" between the alleged

5   misrepresentation or deceptive practice and the purported injury, but he testified that he was

6   unable to point to *any* evidence to support *any* of his claims against MTC.[48]  Wolfson's CPA

7   should, therefore, be dismissed.

8   **3.  Dismissal of the above-mentioned claims is also warranted under FRCP 12(b)(6).**

9   Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

10   theory or the absence of sufficient facts alleged under a cognizable legal theory.[49]  A complaint

11   must allege facts to state a claim for relief that is plausible on its face.[50]  A claim has "facial

12   plausibility" when the party seeking relief "pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the misconduct alleged."[51]  Although the

14   Court must accept as true a complaint's well-pled facts, conclusory allegations of law and

15   unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.[52]  "[A]

16   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

17   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

18   do.  Factual allegations must be enough to raise a right to relief above the speculative level."[53]

19   This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[46] *Hangman Ridge*, supra. at 793; see also Cooper's Mobile Homes, Inc. v. Simmons, 94 Wn.2d 321, 617 P.2d 415 (1980) (alleged deceptive acts must result in injury).
[47] *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 82, 170 P.3d 10 (2007).
[48] *See* DeLeo Decl., Ex. 1, Wolfson Deposition at 30:22-34:9, 70:19-77:2.
[49] *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).
[50] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
[51] *Id.*
[52] *See, e.g., Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir.2007).  *See also Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2692, 189 L. Ed. 2d 213 (2014) (noting that "[i]n determining whether plaintiffs can prove facts in support of their claim that would entitle them to relief, we may consider facts contained in documents attached to the complaint").
[53] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and footnote omitted).

DEFENDANT MTC FINANCIAL INC. d/b/a TRUSTEE CORPS' MOTION FOR SUMMARY JUDGMENT (NO. 3:17-CV-06064-BHS) - 11

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

1   accusation."[54]  Here, although 40 pages in length and 412 paragraphs, Wolfson's Complaint fails

2   to state a claim against any defendant on which relief can be granted.  Thus, Defendants

3   Intercontinental Exchange, Inc., Maroon Holding, LLC, BANA, Merscorp Holdings, Inc., and

4   Mortgage Electronic Registration Systems, Inc.'s filed motions to dismiss.[55]  The Court

5   dismissed all of Wolfson's claims against Intercontinental Exchange, Inc., and Maroon Holding,

6   LLC.[56]  Furthermore, the Court dismissed Wolfson's claims for declaratory judgment,

7   cancellation of instrument, breach of the implied duty of good faith and fair dealing, violations of

8   the DTA, violations of the CPA, quite title action, and FDCA (collectively the "Dismissed

9   Claims") against BANA.[57]  Consequently, Wolfson's only remaining claims, including the

10  claims against MTC, are a claim for defamation against BANA and a claim of replevin against

11  BANA and MERS.[58]

12       As the other defendants, Wolfson failed to adequately plead claims for declaratory

13  judgment, cancellation of instrument, breach of the implied duty of good faith and fair dealing,

14  violations of the DTA, violations of the CPA, quite title action, and FDCA (collectively the

15  "Dismissed Claims") against MTC.  The Dismissed Claims have the same fatal flaws with regard

16  to MTC as they did with BANA.[59]  And that alone is sufficient to dismiss those claims against

17  MTC.  But, additionally, as mentioned above, since the Court's ruling on the motions to dismiss,

18  the deposition of Wolfson was held.  Wolfson's deposition testimony conclusively establishes a

19  complete lack of evidence to support any of his claims.  Consequently, all of the Dismissed

20  Claims should be dismissed as to MTC based on Wolfson's failure to state a claim pursuant to

21  Fed. R. Civ. P. 12(b)(6) *and* pursuant to Fed. R. Civ. P. 56(a). due to Wolfson's failure to present

22  any evidence whatsoever to support any claim.

23

24

25  [54] *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly* ).
    [55] Dkt #39 and #14.
26  [56] Dkt #52.
    [57] *Id.*
27  [58] See Dkt #52, page 10.
    [59] See Dkt #52.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 12

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE **(425) 462-4700** FAX **(425) 451-0714**

1

**4.   Wolfson's claim for Defamation and Replevin should also be dismissed.**

2

a.        <u>Wolfson's Defamation claim fails as a matter of law</u>.  To state a claim for

3

defamation, the plaintiff must allege (1) that the defendant's statement was false, (2) that the

4

statement was unprivileged, (3) that the defendant was at fault, and (4) that the statement

5

proximately caused damages.[60]  Wolfson appears to base his defamation claims against MTC

6

upon an alleged falsity contained in the Notice of Trustee's Sale.[61]  However, Wolfson fails to

7

establish that he did not default.  In fact, this Court has previously concluded that Wolfson "fails

8

to alleged he has paid the loan and is in peaceful possession of the property."[62]  In his deposition,

9

Wolfson was unable to provide evidence establishing peaceful possession of the Property and he

10

did not have evidence showing that he made all payments required under the Note.[63]

11

Accordingly, Wolfson is unable to demonstrate a genuine issue of material fact with regard to the

12

essential element of falsity for his defamation claim.

13

Additionally, Wolfson alleges the Notice of Trustee's Sale somehow defamed him.

14

However, Wolfson fails to allege that MTC failed to follow the requisites required by

15

Washington's DTA for a trustee's sale.[64]  As a result, Wolfson cannot establish that MTC's

16

Notice of Trustee's Sale was unprivileged or that MTC was at-fault.

17

Finally, Wolfson makes unsupported claims with regard to the alleged damages caused

18

by the Notice of Trustee's Sale.[65]  Yet, these mere unsupported conclusory allegations and

19

insufficient to establish a claim.  Plus, Wolfson's defamation claim fails on the other essential

20

elements discussed above.  In particular, there is no evidence of falsity.  Further, Wolfson

21

testified that he was unable to identify any way in which he was damaged by the alleged

22

23

24

[60] *Alpine Indus. Computers, Inc. v. Cowles Pub. Co.*, 114 Wn. App. 371, 378 (2002) (citing *Caruso v. Local Union No. 690*, 107 Wn.2d 524, 529 (1987)).

25

[61] Dkt #36, ¶ 315-319.

[62] Dkt #52, pg. 7.

26

[63] DeLeo Decl., Ex. 1, Wolfson Deposition at 15:24-16:4, 19:18-20:10, 27:25-28:19, 57:15-57:24, 64:12-64:14.

[64] See RCW 61.24.030.

27

[65] Dkt #36, ¶ 317-319.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 13

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE **(425) 462-4700** FAX **(425) 451-0714**

1    defamation.[66] As a result, Wolfson has failed to establish the essential elements of his

2    defamation claim, and therefore Wolfson's claim should be dismissed.

3         b.    Wolfson's Replevin claim fails as a matter of law.  Black's Law Dictionary

4    defines replevin as "[a]n action for the repossession of personal property wrongfully taken or

5    detained by the defendant, whereby the plaintiff gives security for and holds the property until

6    the court decides who owns it.[67]  In this case, it is not alleged that MTC took or detained

7    Wolfson's personal property. As a result, Wolfson's claim for replevin with regard to MTC

8    should be dismissed.  Further, Wolfson's own testimony contradicts his claim for replevin.

9    Wolfson testified that he was uncertain if he believed that the Note was his personal property and

10   if he owned the Note.[68] Wolfson—again—is unable to identify any evidence demonstrating that

11   he owned the Note, paid off the Note, or otherwise supporting his claim against MTC for

12   replevin.[69] Thus, his claim for replevin should be dismissed as a matter of law.

13                    **VI.    CONCLUSION**

14        Wolfson has failed to adequately plead his claims against MTC.  Furthermore, Wolfson is

15   unable to provide any evidence to support his claims because none exists.  Thus, as a matter of

16   law, all of Wolfson's claims should be dismissed with prejudice.

17        DATED: May 19, 2020.

18                                        PETERSON RUSSELL KELLY LIVENGOOD, PLLC

19                                        By:    _s/ Michael S. DeLeo_
20                                             Michael S. DeLeo, WSBA # 22037
                                              Peterson Russell Kelly Livengood PLLC
                                              10900 NE 4th Street, Suite 1850
21                                            Bellevue, WA  98004
                                              Telephone: (425) 462-400
22                                            Fax: (425) 451-0714
                                              E-Mail: mdeleo@prklaw.com
23                                            Attorneys for Defendant MTC Financial Inc.,
                                              d/b/a Trustee Corps
24

25

26   [66] DeLeo Decl., Ex. 1, Wolfson Deposition at 70:19-73:22.
     [67] REPLEVIN, Black's Law Dictionary (10th ed. 2014).
27   [68] DeLeo Decl., Ex. 1, Wolfson Deposition at 73:22-74:19.
     [69] Id.

DEFENDANT MTC FINANCIAL INC. d/b/a
TRUSTEE CORPS' MOTION FOR SUMMARY
JUDGMENT
(NO. 3:17-CV-06064-BHS) - 14