1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY WOLFSON,

                  Plaintiff,

    v.

BANK OF AMERICA NATIONAL
ASSOCIATION, et al.,

                 Defendants.

CASE NO. C17-6064 BHS

ORDER GRANTING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION
FOR AN EXTENSION OF TIME

This matter comes before the Court on Defendants Bank of America National Association ("Bank of America"), Merscorp Holdings, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "Loan Defendants") motion for summary judgment, Dkt. 83; Defendant MTC Financial d/b/a Trustee Corps's ("MTC") motion for summary judgment, Dkt. 85; and Plaintiff Jeremy Wolfson's ("Wolfson") motion for extension of time to respond, Dkt. 88. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I.   PROCEDURAL HISTORY

On December 21, 2017, Wolfson filed a complaint against Defendants Intercontinental Exchange, Inc. and Maroon Holding, LLC ("MERS Parent Corporations") and the Loan Defendants asserting causes of action for quiet title, violations of the Federal Debt Collection Practices Act ("FDCPA"), defamation, declaratory judgment, cancellation of instrument, replevin, breach of the implied duty of good faith and fair dealing, violations of Washington Deed of Trusts Act ("DTA"), and violations of the Washington Consumer Protection Act ("CPA").  Dkt. 1.

On February 20, 2018, MERS Parent Corporations filed a motion to dismiss.  Dkt. 12.  On February 28, 2018, the Loan Defendants filed a motion to dismiss.  Dkt. 14.  On May 31, 2018, the Court granted the motions and granted Wolfson leave to amend.  Dkt. 35.

On June 22, 2018, Wolfson filed an amended complaint asserting similar claims against the same defendants.  Dkt. 36.  On July 6, 2018, MERS Parent Corporations filed a motion to dismiss.  Dkt. 39.  On July 9, 2018, the Loan Defendants filed a motion to dismiss.  Dkt. 40.  On August 30, 2018, the Court granted Wolfson's motion for an extension of time to respond.  Dkt. 46.  On September 4, 2018, Wolfson responded.  Dkt. 49.  On September 7, 2018, MERS Parent Corporations and the Loan Defendants replied.  Dkts. 50, 51.

On December 13, 2018, the Court granted the MERS Parent Corporations' motion to dismiss and granted in part and denied in part the Loan Defendants' motion to dismiss.  Dkt. 52.

1    On November 21, 2019, the Court granted the parties' stipulated motion to

2    continue trial and related deadlines.  Dkt. 74.

3    On March 31, 2020, Wolfson filed a motion requesting that all deadlines be

4    extended 90 days.  Dkt. 77.  On April 17, 2020, the Court denied the motion because it

5    was untimely and Wolfson failed to establish good cause.  Dkt. 82.

6    On May 11, 2020, the Loan Defendants filed a motion for summary judgment.

7    Dkt. 83.  On May 19, 2020, MTC filed a motion for summary judgment.  Dkt. 85.  On

8    May 27, 2020, Wolfson filed a motion for an extension of time to respond requesting that

9    the Court extend his deadline to respond to September 2020, which is past the trial date

10   of August 25, 2020.  Dkt. 88.  On May 28, 2020, the Loan Defendants and MTC

11   responded to Wolfson's motion and opposed any extension.  Dkts. 89, 90.  On June 10,

12   2020, the Loan Defendants filed a reply to their motion for summary judgment.  Dkt. 91.

13   On June 12, 2020, MTC filed a notice that Wolfson failed to file a substantive response to

14   its summary judgment motion.  Dkt. 92.  On June 23, 2020, Wolfson filed a response to

15   MTC's notice stating that he did respond by way of a motion for an extension of time.

16   Dkt. 93.

17                    **II.   FACTUAL BACKGROUND**

18   On January 10, 2007, Wolfson and Erin D. Huffman ("Huffman") signed a note

19   (the "Note") in the amount of $279,000.00 in favor of First Magnus Corporation ("First

20   Magnus").  To secure the Note, Wolfson and Huffman executed a deed of trust ("Deed")

21   against the property located at 16208 132nd Avenue East, Puyallup, Washington 98374

22

1  (the "Property").  Dkt. 12-2.  The Deed named MERS as beneficiary for First Magnus.

2  *Id*. at 3.

3  On or about June 21, 2013, MERS assigned its interest in the Deed to Bank of

4  America.  Dkt. 12-3.  On November 8, 2013, Huffman signed a Quitclaim Deed to

5  Wolfson.  Dkt. 15-3.  The Quitclaim was recorded on November 20, 2013.  *Id*.

6  On March 30, 2017, MTC recorded a Notice of Trustee's Sale against the Property

7  asserting that Wolfson was over 8 months behind on payments and setting a trustee's sale

8  for the Property on August 4, 2017.  Dkt. 15-4.

9  On August 4, 2017, Wolfson filed a bankruptcy case seeking relief under Chapter

10  13.  On September 20, 2017, the bankruptcy court dismissed his case for failure to

11  comply with orders.

12  ### III.  DISCUSSION

13  **A.    Extension**

14  Wolfson moves for an extension of time to respond to the summary judgment

15  motions for numerous reasons.  Dkt. 88.  None of them withstand scrutiny.  First, he

16  asserts that he travels outside of Washington frequently for essential business.  Without

17  additional facts, the Court is unable to reach the conclusion that frequent travel requires a

18  three-month extension of his response and striking of the trial date.

19  Second, Wolfson asserts that all public law libraries are closed and "there can be

20  no due process unless the libraries are open."  Dkt. 88 at 2.  While it is true that the

21  libraries are closed, the Pierce County law library is setup to assist the public remotely.

22  *See* https://www.co.pierce.wa.us/232/Law-Library (last visited July 6, 2020).  Moreover,

the library has secured twenty hours of remote access to Westlaw for members of the public during the pandemic. *See id*. Thus, it is not accurate that Wolfson is precluded from accessing legal materials while preparing a timely response.

Third, Wolfson requests additional time to complete discovery. Dkt. 88 at 2. The case, however, has been pending for over two years, which is more than sufficient time to complete discovery on the two remaining claims. Wolfson provides no justification for why he has been unable to complete discovery during the original period of discovery or the multiple extensions. Therefore, Wolfson fails to show good cause for an extension of time to respond to the motions for summary judgment or to strike the trial date and remaining deadlines. The Court denies his motion.

**B.   Summary Judgment**

   **1.   Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

## 2.    Loan Defendants

The Loan Defendants move for summary judgment on Wolfson's remaining defamation and replevin claim.  Dkt. 83 at 6–9.  The Loan Defendants argue that they are entitled to summary judgment on these claims because Wolfson has failed to identify or submit any evidence in support of either claim.  *Id.*  The Court agrees with the Loan Defendants.  For example, during his deposition, Wolfson didn't know why he asserted a

claim for defamation, didn't know what facts he relied on to support the claim, and was "uncertain" whether he possessed any evidence to support the claim. *See* Dkt. 83 at 4–5. As such, Wolfson fail to establish any material question of fact for trial, and the Court grants the Loan Defendants' motion for summary judgment.

      **3.**    **MTC**

      Similar to the Loan Defendants, MTC moves for summary judgment on all of Wolfson's claims arguing that Wolfson has failed to identify or submit any evidence to support any claim. Dkt. 85. The Court agrees. During his deposition, Wolfson failed to identify facts to support his claims much less identify any actual evidence that existed to support his claims. Thus, the Court grants MTC's motion because Wolfson fails to establish material questions of fact for trial on any claim.

## IV.  ORDER

      Therefore, it is hereby **ORDERED** that the Loan Defendants' motion for summary judgment, Dkt. 83, and Defendant MTC's motion for summary judgment, Dkt. 85, are **GRANTED** and Wolfson's motion for extension of time to respond, Dkt. 88, is **DENIED**.

      The Clerk shall enter a JUDGMENT and close this case.

      Dated this 6th day of July, 2020.

BENJAMIN H. SETTLE
United States District Judge